■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ESPOSITO, Appellant.—Appeals by the defendant from four judgments of the Supreme Court, Kings County (Hayes, J.), each rendered February 11, 1985, convicting him of (1) robbery in the second degree under indictment No. 7255/83, (2) attempted robbery in the first degree under indictment No. 900/84, (3) robbery in the first degree under indictment No. 5028/84, and (4) criminal possession of stolen property in the first degree under indictment No. 6757/84, upon pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

On appeal, the defendant concedes that no meritorious issue may be raised in connection with the judgments of conviction rendered under indictments Nos. 7255/83, 900/84 and 6757/84. However, the defendant argues that the court should not have accepted his guilty plea with respect to robbery in the first degree under indictment No. 5028/84. This indictment accused him, *inter alia,* of the forcible theft of United States currency. However, the defendant admitted, at one point during his allocution, that he had forcibly stolen narcotics. After this discrepancy between the allocution and the factual portion of the indictment was brought to the court's attention, the plea proceedings were adjourned. Then, after consulting with his attorney, the defendant again offered to plead guilty to robbery in the first degree, and his plea was accepted.

The defendant made no motion to withdraw his guilty plea prior to sentencing and, although he did make a motion to vacate the judgment pursuant to CPL article 440, that motion is not before us on the present appeal from the judgment of conviction. Any issue of law concerning the adequacy of his plea allocution is therefore not preserved for appellate review

*(see, People v Pellegrino,* 60 NY2d 636; *People v Pascale,* 48 NY2d 997).

Turning to the merits, we note that the defendant does not argue that his plea allocution fails to establish the essential elements of the crime charged; the defendant unquestionably admitted all the elements of robbery in the first degree. Rather, the defendant argues that his allocution is in one respect at variance with the factual recitation of the indictment. This variance relates to "facts that are extraneous [and] immaterial to the charges [and] beyond what is necessary to support the charges" *(People v Grega,* 72 NY2d 489, 497). Any such variance between the factual theory upon which the defendant's guilt was established, on the one hand, and the factual allegations of the indictment, on the other, is a nonjurisdictional defect *(see, People v Udzinski,* 146 AD2d 245). Thus, the defendant, by pleading guilty, automatically forfeited appellate review of that alleged defect.

. With respect to indictments Nos. 7255/83, 900/84 and 6757/84, we have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel is granted leave to withdraw as counsel with respect to the judgments rendered under those indictments *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, J. P., Bracken, Kooper and Rosenblatt, JJ., concur.