■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHERYL SCALA, Appellant.—Judgment, Supreme Court, New York County (Eugene Nardelli, J., at suppression hearing;

Richard Lowe, J., at plea and sentence), rendered April 14, 1988, convicting defendant of criminal possession of a controlled substance in the second degree (Penal Law § 220.18) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01) and sentencing her to an indeterminate term of imprisonment of from three years to life and a conditional discharge, respectively, unanimously affirmed.

At the hearing held on defendant's motion to suppress physical evidence and statements, the testimony established that two patrol officers had responded to a report of a "possible emotionally disturbed person" in room 1534 of the Carter Hotel, located at 250 West 43rd Street in Manhattan, and consulted with the hotel manager, who had earlier conducted his own investigation of a disturbance in room 1534. Upon proceeding to the fifteenth floor, the officers immediately encountered defendant, who was standing in the hallway with a knife in each hand. After defendant put down the knives, as directed by the officers, Gail Mitchell appeared in the doorway of 1534 and, pointing to the defendant, shouted "that's her." Mitchell then walked into the room without closing the door, and was followed by one of the officers. In open view were drug paraphernalia and bags of white powder.

Upon this record, we conclude that there was a reasonable basis for the officers to believe that an emergency requiring police assistance for the protection of life or property existed inside of the hotel room. *(See, People v Mitchell,* 39 NY2d 173.)

In view of this finding, it is unnecessary for us to reach the People's alternative argument of implied consent as justification for the entry. Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Ellerin, JJ.