■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL TORRES, Appellant.—Appeal by the defendant from two judgments of the County Court, Rockland County (Nelson, J.), both rendered November 15, 1988, convicting him of criminal sale of a controlled substance in the second degree under Indictment No. 96/88, and criminal sale of a controlled substance in the first degree under Indictment No. 97/88, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Although the defendant pleaded guilty to acting in concert with his codefendant to sell varying quantities of cocaine, on appeal he alleges that the evidence adduced at the codefendant's trial essentially exonerated him of the crimes charged. However, a defendant may not seek to review issues of factual guilt following an admission of factual guilt; and he waives any challenge to the sufficiency of the evidence against him by accepting a bargained-for plea *(see, People v Riley,* 120 AD2d 752, 753; *People v Thomas,* 74 AD2d 317, *affd* 53 NY2d 338). "Due concern for finality in criminal prosecutions and for the conservation of judicial resources requires that, in the absence of constitutional or jurisdictional defects, a guilty plea should end the litigation" *(People v Prescott,* 66 NY2d 216, 220, *cert denied* 475 US 1150).

In addition, the defendant's sentence under Indictment No. 97/88 may not be disturbed because it is the minimum allowable by law for the class A-I felony of which he was convicted *(see,* Penal Law § 70.00 [3] [a] [i]). It is also the sentence that the defendant bargained for, so that he cannot now complain that it is excessive *(see, People v Kazepis,* 101 AD2d 816). Bracken, J. P., Lawrence, Kooper, Balletta and O'Brien, JJ., concur.