■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered December 4, 1990, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his plea of guilty must be vacated since he did not plead guilty to a crime charged in the

indictment or to any lesser included offense. We disagree. Initially, because the defendant did not object in a timely manner to the plea offer, his claim is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Pellegrino,* 60 NY2d 636; *People v Esposito,* 157 AD2d 850, 851). Moreover, by pleading guilty, the defendant waived all nonjurisdictional defects in the plea proceedings. "The law is well settled that, with few exceptions * * * '[a] guilty plea waives all nonjurisdictional defects in a criminal proceeding' " *(People v Manzo,* 99 AD2d 817, quoting from *People v Corti,* 88 AD2d 345, 348; *People v Cusani,* 153 AD2d 574). Where, as here, the defendant's claims on appeal relate neither to the court's jurisdiction nor to the voluntary and knowing nature of the plea, the error complained of is deemed waived *(see, People v Thomas,* 74 AD2d 317, 319-320, *affd* 53 NY2d 338; *People v Lazzaro,* 180 AD2d 696; *People v Rodriguez,* 178 AD2d 623; *People v Scotto,* 177 AD2d 668; *People v Torres,* 171 AD2d 825). A guilty plea "marks the end of a criminal case, not a gateway to further litigation" *(People v Taylor,* 65 NY2d 1, 5; *see also, People v Green,* 75 NY2d 902, 904; *People v Maietta,* 173 AD2d 17).

In any event, since this plea was sought by the defendant and freely taken as part of a bargain which was struck for his benefit, it is not rendered invalid because of any alleged inconsistency with the crime charged *(see, People v Adams,* 57 NY2d 1035, 1038). Nor should it be vacated in the exercise of our interest of justice jurisdiction *(see, People v Butler,* 167 AD2d 347; *People v Liguori,* 106 AD2d 404, 405). Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.