■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE MATHIE, Appellant. [599 NYS2d 43] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.) rendered August 22, 1990, convicting him of manslaughter in the first degree and conspiracy in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his plea of guilty must be vacated since he did not plead guilty to a crime charged in the indictment or to any lesser included offense. As the defendant did not object in a timely manner to the plea offer, his claim is not preserved for appellate review (see, People v Pellegrino, 60 NY2d 636; People v Esposito, 157 AD2d 850, 850-851). Moreover, by pleading guilty, the defendant waived all nonjurisdictional defects in the plea proceedings. " 'The law is well settled that, with few exceptions * * * "[a] guilty plea waives all nonjurisdictional defects in a criminal proceeding" ' " (People v Williams, 185 AD2d 260, 261, quoting from People v Manzo, 99 AD2d 817). Where as here, the defendant's claims on appeal relate neither to the court's jurisdiction nor to the

voluntary and knowing nature of the plea, the error complained of is deemed waived *(see, People v Thomas,* 74 AD2d 317, *affd* 53 NY2d 338). A guilty plea "marks the end of a criminal case, not the gateway to further litigation" *(People v Taylor,* 65 NY2d 1, 5). In any event, since the plea was sought by the defendant and freely taken as part of a bargain which was struck for his benefit, it was not rendered invalid because of any alleged inconsistency with the crime charged *(see, People v Adams,* 57 NY2d 1035). Nor should it be vacated in the exercise of our interest of justice jurisdiction *(see, People v Liguori,* 106 AD2d 404).

We have reviewed the defendant's remaining contentions and conclude that they are without merit. Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.