[636 NYS2d 282]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ANTHONY JOHNSON, Also Known as BARRY WILSON, Also
Known as BARRY WILLIAMS, Appellant.

First Department, December 28, 1995

**APPEARANCES OF COUNSEL**

*John Gemmill* of counsel *(Daniel L. Greenberg,* attorney), for appellant.

*Mark Brisman* of counsel *(Susan L. Valle* on the brief; *Robert T. Johnson, District Attorney* of Bronx County, attorney), for respondent.

**OPINION OF THE COURT**

Tom, J.

At approximately 1:50 A.M. on May 21, 1991, New York City Police Officers Kevin Kelly and Peter Gallagher received a radio run of "shots fired" by a Hispanic male wearing a black jacket in the vicinity of 161st Street and Park Avenue in the Bronx. While en route, the officers encountered defendant, who matched the general description in the radio transmission and was the only person in the vicinity, crossing the street in a quick manner.

The officers stopped and exited their car and Officer Kelly asked defendant to stop and talk for a minute. Defendant turned, looked at the officer, and ran as Officer Kelly gave chase. As the chase progressed, the officer noticed a gun in defendant's right hand. Defendant subsequently turned and fired a shot at Officer Kelly, which shot Officer Kelly returned. Both shots, as well as a second shot fired by defendant, missed.

Defendant was thereafter apprehended a few blocks away by other officers and, upon searching defendant at the precinct,

several vials of crack cocaine were recovered from defendant's person. After being informed of his *Miranda* rights, and stating that he understood them, defendant agreed to give a statement in which he indicated that he ran from the officers because he was in possession of a gun, and that the gun fired accidentally as he was running.

By indictment number 4425/91, filed on June 5, 1991, a Bronx Grand Jury indicted defendant on two counts each of attempted murder in the first degree, attempted murder in the second degree, attempted aggravated assault upon a police or peace officer, attempted assault in the first degree and criminal possession of a weapon in the third degree. The indictment charged one count each of criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the fourth degree, resisting arrest and criminal possession of a controlled substance in the seventh degree. Pursuant to indictment number 2545/91, filed on March 25, 1991, a Bronx Grand Jury indicted defendant on charges of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree. Defendant was thereafter convicted under indictment number 4425/91 of two counts of attempted aggravated assault upon a police or peace officer, criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree. After consulting with his attorney, defendant pleaded guilty, in full satisfaction of indictment number 2545/91, to criminal sale of a controlled substance in the third degree with the understanding that a $4^1/_2$-to-9-year sentence would be imposed to run consecutively with those imposed for the counts on which the jury found defendant guilty. On May 11, 1993, the trial court adjudicated defendant a predicate felon and sentenced him in accordance with the plea and sentence agreement.

We find that defendant's claims of error with regard to the counts tried under indictment number 4425/91 are without merit. We further find that defendant's contention that the IAS Court was without jurisdiction to adjudicate defendant guilty, based on his plea, of criminal sale of a controlled substance in the third degree, since he was not charged with this offense under indictment number 2545/91, is without merit. The IAS Court had jurisdiction to adjudicate defendant's guilty plea.

We initially note that the dissent's reliance on *People v Boston* (75 NY2d 585) is misplaced. In *Boston*, defendant pleaded

guilty to a criminal count interposed in a superior court information after having been indicted by a duly convened Grand Jury, thereby waiving the Grand Jury indictment. The Court of Appeals, applying the provisions of CPL 195.10 (2) (b), to wit, that waiver of an indictment be exercised "prior to the filing of an indictment by the grand jury", found that a waiver "cannot be accomplished after indictment" (supra, at 589). As a result, defendant's plea of guilty to a count in the information, filed after the Grand Jury had acted, was rendered invalid and void. The dissent fails to point out that the defendant pleaded guilty to a count interposed in the information and not in the indictment, which is not the situation in this case.

The facts in the case at bar are clearly distinguishable. The defendant's plea herein was made pursuant to a valid indictment and, as a result, the court maintained jurisdiction to accept defendant's guilty plea. The constitutional prohibition that "[n]o person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury" (NY Const, art I, § 6) is a restriction imposed upon the State to prevent prosecutorial excess and is not directed to the courts. Once the People's case was presented to a Grand Jury and an indictment was returned against the defendant, the constitutional mandate of article I (§ 6) was fulfilled. The IAS Court, therefore, had jurisdiction, and an error of the court in submitting or considering a lesser crime arising out of the same transaction that is not a lesser included offense nor one contained in the indictment does not affect the court's jurisdiction to entertain the action or to convict as to that crime (People v Ford, 62 NY2d 275).

Since the purported error was not jurisdictional, it may be waived if timely objection was not made (CPL 470.05 [2]; People v Ford, supra; People v Lopez, 71 NY2d 662, 665; People v Pellegrino, 60 NY2d 636). Here, defendant failed to preserve his claim for appellate review.

Further, since the plea was taken pursuant to a proper indictment and as part of a bargain struck for defendant's benefit, defendant waived all nonjurisdictional defects in the plea proceeding (People v Taylor, 65 NY2d 1, 5; People v Mathie, 194 AD2d 630, lv denied 82 NY2d 722; People v Williams, 185 AD2d 260, lv denied 80 NY2d 911). As stated by the Court of Appeals in People v Taylor, supra, at 5): "A guilty plea generally represents a compromise or bargain struck after negotiation between defendant and the People. As such, it marks the end of a criminal case, not a gateway to further litigation."

In the matter before us, defendant's claims neither relate to the court's jurisdiction nor to the voluntary and knowing nature of the plea. As a result, since the plea offered by the People and accepted by defendant was freely taken as part of a bargain, it is not rendered invalid because of an alleged inconsistency with the crime charged (*People v Adams*, 57 NY2d 1035, 1038; *People v Mathie, supra*, at 631) or the fact that defendant did not plead guilty to a crime charged in the indictment or to any lesser included offense (*People v Ford, supra*; *People v Williams, supra*). As succinctly stated by the Court of Appeals, a bargained plea " 'makes unnecessary a factual basis for the particular crime' " (*People v Adams, supra*, at 1038, quoting *People v Clairborne*, 29 NY2d 950, 951).

Clearly, defendant herein cannot argue that he did not receive a benefit as the result of his plea bargain, for if he had been convicted of the crimes set forth in indictment number 2545/91, taken in conjunction with his status as a second felony offender, he would have been eligible to be sentenced to a term of from $8^1/_3$ to 25 years.

Finally, we would note that we also disagree with the dissent's holding that a defendant cannot plead guilty to a crime not submitted in an indictment as the Court of Appeals has found that a defendant may even plead guilty to a nonexistent crime (i.e., attempted manslaughter) in full satisfaction of an indictment (*People v Martinez*, 81 NY2d 810, 811; *People v Foster*, 19 NY2d 150, 153).

Accordingly, the judgment of the Supreme Court, Bronx County (Gerald Sheindlin, J.), which was rendered on May 11, 1993 after a jury trial and which convicted defendant of two counts of attempted aggravated assault upon a police officer or peace officer, criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, and also convicted defendant, upon his guilty plea, of criminal sale of a controlled substance in the third degree, and sentenced him to concurrent terms of $7^1/_2$ to 15 years on the assault counts, $3^1/_2$ to 7 years on the weapon possession count, 1 year on the narcotics possession count, and $4^1/_2$ to 9 years on the sale count, the latter to be served consecutive to the concurrent terms imposed on the other counts, is affirmed.

MURPHY, P. J. (dissenting). While I am in agreement that defendant's claims of error in connection with the tried counts are without merit, I think it clear that the court had no jurisdiction to adjudicate defendant guilty of criminal sale of a con-

trolled substance in the third degree. Although defendant purported to enter a plea to that offense in satisfaction of two possessory offenses for which he had been separately indicted, the court was powerless to accept the plea because the offense to which defendant pleaded was not one for which he had been indicted. The subject indictment charged defendant with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, not the third degree sale offense to which he pleaded. The law is clear that in the absence of any applicable, constitutionally based exception (*see, e.g.,* CPL 195.10) to the otherwise broad constitutional injunction that "No person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury" (NY Const, art I, § 6) and the People make no discernible claim that there is any such exception presently relevantthe defendant was powerless to waive indictment as he purported *to* by pleading *to* offenses for which he had not been indicted in satisfaction of offenses for which he had *(see, People v Boston,* 75 NY2d 585). The defendant could not confer, nor could the court assume in the absence of a duly voted Grand Jury indictment, jurisdiction for the defendant's trial and punishment. And, because acceptance of the plea to the offense for which defendant had not been indicted and, indeed, for which he had not been charged, even by information *(cf., People v Boston, supra),* violated not only the personal right of the defendant to Grand Jury indictment, but the concomitant " 'public fundamental right,' [to Grand Jury indictment] which is the basis of jurisdiction to try and punish an individual" *(People v Boston, supra,* at 587, quoting *Matter of Simonson v Cahn,* 27 NY2d 1, 3; *People v Miles,* 289 NY 360; *People ex rel. Battista v Christian,* 249 NY 314), the defect was unwaivable *(People v Boston, supra,* at 587), and required no preservation for its appellate address as a matter of law *(supra,* at 589, n 2).

While the majority states that the defendant's reliance upon *People v Boston, (supra)* is misplaced and asserts that the facts at bar are clearly distinguishable, it wholly fails to draw any distinction removing this case from *Boston's* control. Although the majority suggests that in *Boston* the indictment was invalid, one has only to glance at the decision to ascertain that there, as here, there was a perfectly valid indictment. Indeed, it was precisely because there was a valid indictment outstanding that the court was without jurisdiction to accept the defendant's plea to the subsequently added, unincluded charge.

Nor, contrary to the majority, is there any intelligible distinction to be drawn by reason of the circumstance that in *Boston* the defendant pleaded to a count interposed by means of superior court information. Indeed, that count was consolidated with the existing, valid Grand Jury indictment in *Boston* prior to the defendant's plea (75 NY2d, *supra,* at 587). The present situation is thus, if anything, even more offensive, since here the defendant was never formally charged, by information or any other instrument, with commission of the unindicted offense to which he pleaded, and there was never even an attempt to join the unindicted offense in the indictment. Thus, when all is said and done, none of the distinctions upon which the majority would rely, undermines the validity of the essential observation that here, as in *Boston*, the defendant, subsequent to the filing of a valid indictment, purported to satisfy the indictment by pleading to an unincluded, and otherwise improperly interposed count.

The case of *People v Ford* (62 NY2d 275), so heavily relied upon by the majority, antedates *Boston (supra)*, and, to the extent that the two decisions are not reconcilable in their articulation of the extent of the jurisdictional limitation imposed by article I (§ 6) of New York' s Constitution, it would seem elementary that the more recent holding is the one which should be applied. It should be noted, however, that there is at least one respect in which *Ford* is distinguishable from the present situation, and, indeed, from *Boston*. *Ford* did not involve a conviction based upon plea. Rather, the issue in *Ford* was whether the court had jurisdiction to enter a judgment convicting the defendant upon a count which had been improperly submitted to the jury. The Court held that the submission, while undoubtedly erroneous, did not affect the jurisdiction of the court ultimately to impose judgment in accordance with the jury's verdict convicting the defendant of the erroneously submitted charge and, accordingly, that if the error was to be reached as a matter of law it had to be preserved by timely objection. As no such objection had been made, Ford's conviction was permitted to stand. Here, in distinction to *Ford*, no action of any jury, either Grand or petit, was involved in determining the offense for which the defendant was ultimately held accountable; the present defendant simply pleaded guilty to an offense not contained in the indictment he was held to

answer and not charged by any other permissible instrument.[1] This constituted a constitutionally impermissible exclusion of the public from the adjudicative process. It is this absolute and completely unsanctioned abridgment of the public's mandated role in determining the offense to which a defendant answers, that impairs the jurisdiction of the court. The undoing of the present plea, if *Boston* were followed, would then not be principally for the defendant's benefit,[2] but rather to vindicate the important public prerogative which it is the purpose of article I (§ 6) of the State Constitution to safeguard.

Finally, the cases cited by the majority in support of its implicit contention that it is constitutionally inoffensive for a defendant to waive indictment, by pleading, in circumstances such as those here obtaining, to an offense not contained in the indictment, simply do not stand for that proposition. *People v Martinez* (81 NY2d 810) merely cites *People v Foster* (19 NY2d 150) in the course of addressing an issue unrelated to the one at bar, and *Foster*, although permitting a plea to a nonexistent crime, does so in a context in which the presently raised constitutional limitation upon acceptance of such a plea was not litigated. Accordingly, the judgment of the Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered May 11, 1993, convicting defendant, after a jury trial, of two counts of attempted aggravated assault upon a police officer or peace officer, criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, and also convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of $7^1/_2$ to 15 years on the assault counts, $3^1/_2$ to 7 years on the weapons possession count, 1 year on the narcotics possession count, and a term of $4^1/_2$ to 9 years on the sale count, the last to be served consecutive to the concurrent terms imposed on the other counts, should be modified, the conviction for criminal sale of a controlled substance in the third degree vacated and the matter remanded for further proceedings.

WALLACH and ASCH, JJ., concur with TOM, J.; MURPHY, P. J.,

---

1. There was not even a felony complaint charging the subject offense so as to enable the People to claim that the defendant was being held for indictment (*see, People v D'Amico*, 76 NY2d 877 [*D'Amico v Johnson*, 1993 WL 541658 (SD NY, Dec. 23, 1993, Martin, J.) (habeas corpus denied)]).

2. Indeed, as the majority is at pains to emphasize, defendant received a substantial benefit from the plea.

and ROSENBERGER, J., dissent in a separate opinion by MUR-PHY, P. J.

Judgment, Supreme Court, Bronx County, rendered May 11, 1993, affirmed.