■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC FLAKES, Appellant. [658 NYS2d 106] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered February 8, 1996, convicting him of crim-

inal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials.

. Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that State Troopers unlawfully stopped his car, and that everything which flowed from the improper stop (i.e., the search and seizure of drugs, an arrest, and a confession) should therefore be suppressed. However, by pleading guilty prior to the conclusion of the suppression hearing, the defendant forfeited his right to appellate review of these issues *(see, People v Fernandez,* 67 NY2d 686; *People v Ramos,* 232 AD2d 433; *People v Britton,* 208 AD2d 761; *People v Navedo,* 137 AD2d 726). Similarly, by pleading guilty, he has forfeited his right to appellate review of his claims that the People failed to comply with the notice requirements of CPL 710.30 *(see, People v Hill,* 175 AD2d 603; *People v Collins,* 156 AD2d 786), or that the evidence against him was legally insufficient *(see, People v Torres,* 171 AD2d 825; *People v Del Carpio,* 166 AD2d 605).

The defendant further contends that the court erred in denying his motion to withdraw his plea of guilty. However, it is well settled that a motion to withdraw a plea of guilty is addressed to the sound discretion of the court *(see, People v McGriff,* 216 AD2d 330; *People v Jones,* 214 AD2d 623), and a plea of guilty will be upheld if it was entered knowingly, voluntarily, and intelligently *(see, People v Fiumefreddo,* 82 NY2d 536, 543; *People v Harris,* 61 NY2d 9). In this case, the defendant knowingly and voluntarily pleaded guilty with the competent assistance of counsel, and there is nothing in the record which would indicate that the plea was either improvident or baseless. The defendant's unsubstantiated assertions of innocence, family pressures, and emotional distress did not warrant withdrawal of his plea of guilty *(see, People v Murray,* 207 AD2d 999; *People v Hughes,* 156 AD2d 130; *People v Corwise,* 120 AD2d 604).

Finally, the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed. Under the circumstances of this case, the defendant has no basis now to complain that his sentence was excessive *(see, People v Hagzan,* 155 AD2d 616; *People v Kazepis,* 101 AD2d 816). Mangano, P. J., Joy, McGinity and Luciano, JJ., concur.