■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW STERGIOU, Appellant. [720 NYS2d 28] —Judgment, Supreme Court, New York County (Rena Uviller, J., at suppression hearing; James Leff, J., at jury trial and sentence), rendered December 2, 1996, convicting defendant of reckless endangerment in the first degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed.

Defendant's motion to suppress physical evidence and statements was properly denied. Since the police did not enter defendant's apartment until after he threw a lit flare at an officer and set his apartment on fire, a point at which police and fire personnel were obviously duty-bound to enter, there is no basis for suppression of any of the fruits of the entry. The record fails to support defendant's argument that his incendiary conduct was "provoked" by allegedly unlawful prior police intrusions (*see, People v Townes*, 41 NY2d 97). In any event, the police preparations for making an emergency entry, which included removing the peephole from defendant's door and breaking and opening windows, were independently justified, under the emergency doctrine, by the totality of the information available to the police at the time (*People v Mitchell*, 39 NY2d 173, *cert denied* 426 US 953; *Matter of Pablo C.*, 220 AD2d 235; *People v Scala*, 159 AD2d 259, *lv denied* 76 NY2d 742; *see also, Monday v Oullette*, 118 F3d 1099, 1102). A psychiatrist informed the police that he had learned from defendant's mother that her son intended to kill himself and had four bottles of gasoline in his apartment. The psychiatrist showed the police his credentials and accompanied them to defendant's apartment, where the police smelled gasoline and observed that defendant had barricaded himself inside and was making bizarre statements.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The jury properly

concluded that defendant's conduct constituted reckless endangerment in the first degree (*see,* Penal Law § 120.25; *People v Narimanbekov,* 258 AD2d 417).

We perceive no basis for reduction of sentence. Concur— Williams, J. P., Andrias, Lerner, Saxe and Buckley, JJ.