THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY LEGGETT, Appellant. [904 NYS2d 773]—

Appeal by the defendant from a judgment of the County Court, Westchester County (DiBella, J.), rendered May 23, 2008, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (four counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Adler, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant, who had recently been released from prison, was staying in a friend's apartment, and refused to allow his friend to enter the apartment when she returned from visiting her mother. Despite the efforts of his father and the police, the defendant refused to leave the apartment, instead responding incoherently with threats, profanities, demands for a search warrant, and a request that the police supply him with drugs. When the police heard the defendant moving appliances to block the door, they became concerned about the possibility of a gas leak if the stove was moved. The police therefore forced open the door, which was blocked with a refrigerator, and they ar-

rested the defendant, who was found in possession of three handguns and ammunition.

On appeal, the defendant contends that the County Court improperly denied that branch of his omnibus motion which was to suppress this evidence. We disagree.

From the time the Court of Appeals decided *People v Mitchell* (39 NY2d 173 [1976], *cert denied* 426 US 953 [1976]), our analysis of whether the emergency exception to the Fourth Amendment's protection against warrantless searches and seizures applies has been governed by the three-prong test: (1) the police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property; (2) the search must not be primarily motivated by an intent to arrest and seize evidence; and (3) there must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched (*id.* at 177-178). However, in light of the United States Supreme Court's determination in *Brigham City v Stuart* (547 US 398, 404 [2006]) that "[t]he officer['s] subjective motivation is irrelevant" to Fourth Amendment analysis, an inquiry into the subjective motivations of the police is no longer necessary in determining whether that amendment was violated (*see People v Desmarat*, 38 AD3d 913, 914-915 [2007]).

Here, the objective facts observed by the police provided them with a reasonable basis to believe that an emergency was at hand, that the defendant or other persons may have been at risk of injury, and that the emergency was associated with the apartment searched (*see Michigan v Fisher* 558 US —, — - —, 130 S Ct 546, 547-549 [2009]; *People v Mitchell*, 39 NY2d at 178-179; *People v Molnar*, 98 NY2d 328, 330 [2002]; *People v Thatcher*, 9 AD3d 682, 683 [2004]; *People v Scala*, 159 AD2d 259, 260 [1990]). Accordingly, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress the items in question.

With respect to the sentence imposed, the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed. Under the circumstances of this case, the defendant has no basis to now complain that his sentence was excessive (*see People v Flakes*, 240 AD2d 428, 429 [1997]; *People v Torres*, 171 AD2d 825 [1991]; *People v Kazepis*, 101 AD2d 816 [1984]). In any event, the defendant received the minimum legal sentence (*see People v Howard*, 50 AD3d 823 [2008]; CPL 470.20 [6]). Rivera, J.P., Covello, Balkin and Hall, JJ., concur.