People v Buchanan (2022 NY Slip Op 00699)





People v Buchanan


2022 NY Slip Op 00699


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

112143
[*1]The People of the State of New York, Respondent,
v
Kenneth R. Buchanan, Appellant.

Calendar Date:January 6, 2022

Before:Garry, P.J., Clark, Aarons and Colangelo, JJ.

Kathy Manley, Selkirk, for appellant, and appellantpro se.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered October 3, 2019, convicting defendant upon his plea of guilty of the crime of possessing a sexual performance by a child (60 counts).
Defendant pleaded guilty to an indictment charging him with 60 counts of possessing a sexual performance by a child. Defendant subsequently moved to withdraw his plea, asserting that the plea was not knowing, voluntary and intelligent and that he received ineffective assistance of counsel.[FN1] County Court denied the motion to withdraw and sentenced defendant, in accordance with the plea agreement, to consecutive prison terms of 1 to 3 years on counts 1 through 6, which were to run concurrently with the concurrent prison terms of 1 to 3 years on counts 7 through 60 — for a total of 6 to 18 years in prison. Defendant appeals.
We are unpersuaded by defendant's contention that his plea was not knowing, voluntary and intelligent and his related claim that County Court erred in denying his motion to withdraw his plea. "Trial courts have 'a vital responsibility' to ensure that a defendant who pleads guilty makes a knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015], quoting People v Harris, 61 NY2d 9, 19 [1983]). Although adherence to a uniform mandatory catechism or script is not required, "[t]o constitute a knowing, voluntary and intelligent plea, the record must affirmatively demonstrate that the defendant waived his or her constitutional trial-related rights — namely, the privilege against self-incrimination, the right to a jury trial and the right to be confronted by witnesses" (People v Carl, 188 AD3d 1304, 1306 [2020] [internal quotation marks and citation omitted], lv denied 37 NY3d 954 [2021]; see People v Tyrell, 22 NY3d 359, 365 [2013]).
The plea colloquy reveals that County Court reviewed the terms of the plea agreement on the record and elicited from defendant that he was not being coerced into entering the plea and had an adequate opportunity to discuss the matter with defense counsel. The court then informed defendant that, as a consequence of pleading guilty, he would be forfeiting numerous trial-related rights, specifically enumerating his constitutional rights to a jury trial and to confront witnesses and his right against self-incrimination, which defendant acknowledged he understood. Although the court did not inform defendant that he was giving up his right to file pretrial motions, the court is not required "to specifically enumerate all the rights to which . . . defendant was entitled [or] elicit from him . . . a list of detailed waivers before accepting the guilty plea" (People v Tyrell, 22 NY3d at 365). Given that the record clearly establishes that defendant understood the terms of the plea agreement and the specific constitutional trial-related rights that he was forfeiting, we are satisfied that defendant's plea was knowing, voluntary [*2]and intelligent. Further, we find no abuse of discretion in the court denying defendant's motion to withdraw his plea "absent some evidence of innocence, fraud or mistake in the plea's inducement" (People v Ozuna, 177 AD3d 1040, 1041 [2019], lv denied 35 NY3d 972 [2020]). To the extent that defendant now asserts that the court should have inquired into his mental status, this was not the basis for the motion to withdraw and, therefore, is unpreserved (see People v Diggs, 178 AD3d 1203, 1205 [2019], lv denied 34 NY3d 1158 [2020]). In any event, the record does not reflect any basis for such inquiry. To the extent that defendant contends that he was denied the effective assistance of counsel, the alleged deficiencies in representation primarily concern matters outside the record on appeal and are more appropriately raised in a motion pursuant to CPL article 440 (see People v Aponte, 190 AD3d 1031, 1033 [2021], lvs denied 37 NY3d 953, 959, 960 [2021]).
We are also unpersuaded by defendant's contention that the sentence imposed is harsh and excessive. "It is well settled that a sentence that falls within the permissible statutory ranges will not be disturbed unless it can be shown that the sentencing court abused its discretion or that extraordinary circumstances exist warranting a modification in the interest of justice" (People v Banch, 198 AD3d 1186, 1186 [2021] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [Dec. 28, 2021]). Here, the sentence is within the permissible statutory range for a class E felony and was not the maximum authorized (see Penal Law § 70.00 [2] [e]). Despite defendant's minimal criminal history, the record reflects that County Court considered the heinous nature of the crime and defendant's attempt to minimize the seriousness thereof in imposing its sentence. Upon our review of the record, we find no basis to disturb the sentence imposed (see People v Urtz, 176 AD3d 1485, 1492 [2019], lv denied 34 NY3d 1133 [2020]; People v Henry, 166 AD3d 1289, 1292 [2018]; People v Vanness, 106 AD3d 1265, 1267-1268 [2013], lv denied 22 NY3d 1044 [2013]). We have reviewed defendant's remaining contentions and find that they are either foreclosed by his guilty plea or without merit.
Garry, P.J., Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Upon defendant informing County Court of his intention to move to withdraw his plea based upon his assertion that the Public Defender's office was not adequately representing him, new counsel was assigned.