People v Minaya (2022 NY Slip Op 03769)

People v Minaya

2022 NY Slip Op 03769

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

111498 112645
[*1]The People of the State of New York, Respondent,
v
Saury Minaya, Appellant.

Calendar Date:April 18, 2022

Before:Egan Jr., J.P., Colangelo, Ceresia and Fisher, JJ.

Troy A. Smith, White Plains, for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.

Fisher, J.
Appeals (1) from a judgment of the County Court of Columbia County (Nichols, J.), rendered January 17, 2019, convicting defendant upon his plea of guilty of the crime of rape in the second degree, and (2) by permission, from two orders of said court, entered June 15, 2020 and September 4, 2020, which, among other things, denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In July 2018, defendant was arraigned on a felony complaint charging him with one count of rape in the first degree by forcible compulsion. Defendant subsequently executed a waiver of indictment, consented to prosecution by superior court information and entered a plea of guilty to rape in the second degree based on the victim being mentally incapacitated. As part of defendant's plea, he was required to execute a waiver of his right to appeal, although retaining his right to appeal the sentence imposed. Prior to sentencing, defendant unsuccessfully moved to withdraw his plea on the ground that he was denied the effective assistance of counsel. Defendant was then sentenced to a prison term of five years to be followed by seven years of postrelease supervision.
Thereafter, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10, asserting, insofar as is relevant here, that he was denied the effective assistance of counsel because the victim impact statement contradicted the facts to which defendant pleaded during the factual allocution. Defendant also sought a judicial subpoena compelling production of all of the victim's statements. The People opposed the requested relief, and County Court denied defendant's motion, without a hearing, in two separate orders. Defendant appeals from the judgment of conviction and, by permission, from County Court's orders denying his CPL article 440 motion.
We affirm. Defendant contends that the waiver of indictment is jurisdictionally defective because it does not specify the time and date of the charged offense as required by CPL 195.20. However, the omission of nonelemental information, to which defendant did not object, does not render the waiver of indictment jurisdictionally defective and, therefore, any such challenge was forfeited by his guilty plea (see People v Lang, 34 NY3d 545, 568-569 [2019]; People v Feltz, 190 AD3d 1026, 1026 [2021]; People v Moses, 184 AD3d 910, 911 [2020], lv denied 35 NY3d 1096 [2020]). Additionally, "defendant [made] no claim that he lacked notice of the specific crime for which he waived prosecution by indictment" (People v Feltz, 190 AD3d at 1026; see People v Lang, 34 NY3d at 569).
Defendant next argues that his plea to rape in the second degree based on the victim's mental incapacitation is not a lesser included offense of rape in the first degree by forcible compulsion and, therefore, County Court erred in accepting such plea. However, defendant did not raise this specific argument as part of his motion to withdraw his [*2]guilty plea or in the CPL 440.10 motion and it is therefore unpreserved (see People v Phillip, 200 AD3d 1108, 1108 [2021]; People v Williams, 189 AD3d 1978, 1980 [2020], lv denied 37 NY3d 1165 [2022]). Were we to address his claim despite the lack of preservation, we would find defendant's plea to the lesser offense nevertheless valid (see People v Johnson, 23 NY3d 973, 974-975 [2014]; see also CPL 220.10 [5] [d] [ii]; People v Ford, 62 NY2d 275, 283 [1984]; People v Johnson, 217 AD2d 133, 136-137 [1995], affd 89 NY2d 905 [1996]).[FN1]
Defendant also contends that the sentence imposed was harsh and excessive in light of the facts of this case, his lack of any criminal record and his personal characteristics as presented in a mitigation report. We disagree. County Court considered the presentence investigation report, the victim impact statement and the mitigation report submitted by defendant, and imposed a term of imprisonment and period of postrelease supervision that were toward the middle of the sentencing ranges for each (see Penal Law §§ 70.02 [3] [c]; 70.45 [2-a] [d]). Our review of the record does not reflect that the sentence "was unduly harsh or severe" so as to warrant a reduction in the interest of justice (CPL 470.15 [6] [b]).
Defendant argues that County Court's denial of his request for a judicial subpoena of the victim's statements was in error as the facts alleged in the victim impact statement were inconsistent with the crime for which he was charged and, therefore, any similar statements made prior to defendant's plea would have constituted Brady material. This argument is not properly before us because defendant's CPL article 440 motion did not raise his current argument in support of the request for a judicial subpoena (see People v Stanley, 189 AD3d 1818, 1819 [2020]; see generally People v Bastian, 83 AD3d 1468, 1470 [2011], lv denied 17 NY3d 813 [2011]; cf. People v Nusbaum, 222 AD2d 723, 724 [1995], lv denied 87 NY2d 1023 [1996]). To the extent that defendant argues that the court improperly denied his request for a judicial subpoena, that process may not be used to circumvent discovery rules pursuant to the Criminal Procedure Law (see Matter of Terry D., 81 NY2d 1042, 1044 [1993]; People v Gissendanner, 48 NY2d 543, 551 [1979]).[FN2]
Defendant also argues that he was denied the effective assistance of counsel and, therefore, County Court erred in denying his motion to withdraw his guilty plea and his CPL 440.10 motion, both of which raised this claim. Since "these contentions raise both record-based and nonrecord-based allegations of ineffectiveness, they will be addressed together in their entirety in the context of defendant's appeal from the denial of his CPL 440.10 motion" (People v White-Span, 182 AD3d 909, 914 [2020], lv denied 35 NY3d 1071 [2020]). As relevant here, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing [*3]in the record casts doubt upon the apparent effectiveness of counsel" (People v Johnson, 201 AD3d 1208, 1208 [2022] [internal quotation marks, brackets and citation omitted]). Here, the felony complaint charged defendant with rape in the first degree, a class B violent felony, which is punishable by a term of imprisonment between 5 and 25 years (see Penal Law § 70.02 [3] [a]). Defense counsel secured a favorable plea deal that required defendant to enter a guilty plea to a class D violent felony, punishable by a term of imprisonment between two and seven years (see Penal Law § 70.02 [3] [c]). The plea colloquy reveals that County Court reviewed the terms of the plea agreement on the record and defendant indicated that he was satisfied with counsel's advice, had adequate time to confer with counsel regarding his rights and desired to resolve this matter "fast" — even requesting a sentencing commitment the day after he was charged. Based on this and our review of the record, which does not reveal any evidence of innocence, fraud or mistake (see People v Buchanan, 202 AD3d 1166, 1167 [2022], lv denied ___ NY3d ___ [Apr. 19, 2022]; People v Hewitt, 201 AD3d 1041, 1045 [2022], lv denied 38 NY3d 928 [2022]), "we are satisfied that defendant received meaningful representation such that County Court did not abuse its discretion in denying [defendant's] motion without a hearing" (People v Simpson, 196 AD3d 996, 998 [2021], lv denied 37 NY3d 1029 [2021]; see People v Johnson, 194 AD3d 1267, 1269 [2021]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Colangelo and Ceresia, JJ., concur.
ORDERED that the judgment and orders are affirmed.

Footnotes

Footnote 1: At oral argument, defendant focused his argument on the fact that his plea was not to a lesser included offense of the crime charged, but this is without merit because "the plea offered by the People and accepted by defendant was freely taken as part of a bargain, [and therefore] it is not rendered invalid because of an alleged inconsistency with the crime charged or the fact that defendant did not plead guilty to a crime charged in the indictment or to any lesser included offense" (People v Johnson, 217 AD2d at 137 [internal citations omitted]).

Footnote 2: CPL article 245 was not in existence at the time of defendant's plea and, thus, the People were not obligated to disclose certain information prior to defendant's plea pursuant thereto.