People v Gayten (2023 NY Slip Op 04078)

People v Gayten

2023 NY Slip Op 04078

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

580 KA 21-00607

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM GAYTEN, DEFENDANT-APPELLANT. 

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered April 15, 2021. The judgment convicted defendant upon his plea of guilty of attempted arson in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted arson in the second degree (Penal Law
§§ 110.00, 150.15), defendant contends that his plea was not knowingly, voluntarily or intelligently entered. Defendant, however, failed to preserve that contention for our review inasmuch as he "did not move to withdraw the plea or to vacate the judgment of conviction" (People v DeMarco, 117 AD3d 1522, 1522 [4th Dept 2014], lv denied 23 NY3d 1061 [2014]). In any event, we conclude that defendant's plea was knowingly, voluntarily, and intelligently entered despite defendant's family problems that existed at the time (see People v Flakes, 240 AD2d 428, 429 [2d Dept 1997], lv denied 90 NY2d 1011 [1997]; People v Murray, 207 AD2d 999, 1000 [4th Dept 1994], lv denied 84 NY2d 1014 [1994]). Contrary to defendant's further contention, the sentence is not unduly harsh or severe. We have considered defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court