People v Sharpton (2024 NY Slip Op 01746)

People v Sharpton

2024 NY Slip Op 01746

Decided on March 28, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 28, 2024

109796
[*1]The People of the State of New York, Respondent,
v
Darrell Sharpton, Also Known as Earl, Appellant.

Calendar Date:February 16, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Powers, JJ.

Erin C. Morigerato, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Clinton County (Keith M. Bruno, J.), rendered September 25, 2017, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (seven counts) and conspiracy in the fourth degree (two counts).
Defendant was charged in an indictment with the crimes of criminal sale of a controlled substance in the third degree, seven counts of criminal possession of a controlled substance in the third degree and two counts of conspiracy in the fourth degree. Defendant pleaded guilty as charged and sentencing was left to County Court's discretion. County Court sentenced defendant, in connection with his convictions of criminal sale of a controlled substance and criminal possession of a controlled substance, to eight concurrent prison terms of eight years, to be followed by two years of postrelease supervision, and to lesser concurrent prison terms for his convictions of conspiracy. Defendant appeals.
We affirm. Defendant's challenges to the voluntariness of his plea are unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion to withdraw his plea despite having an opportunity to do so prior to sentencing (see People v Wilcox, 218 AD3d 965, 965 [3d Dept 2023]; People v Devane, 212 AD3d 894, 895 [3d Dept 2023], lv denied 39 NY3d 1110 [2023]). Further, the narrow exception to the preservation rule was not triggered (see People v Loya, 215 AD3d 1181, 1183 [3d Dept 2023], lv denied 40 NY3d 929 [2023]; People v Hawkins, 207 AD3d 814, 815 [3d Dept 2022]) and we decline defendant's request that we take corrective action in the interest of justice (see People v Miller, 215 AD3d 1141, 1142 [3d Dept 2023], lv denied 40 NY3d 930 [2023]). Defendant's ineffective assistance of counsel claim, inasmuch as it impacts the voluntariness of his plea, is similarly unpreserved for our review by the lack of an appropriate postallocution motion (see People v Coler, 214 AD3d 1207, 1208 [3d Dept 2023], lv denied 40 NY3d 1091 [2024]; People v West, 210 AD3d 1194, 1195 [3d Dept 2022], lv denied 39 NY3d 1080 [2023]). To the extent that the claimed inadequacies involve matters outside of the record, such claims are more properly the subject of a CPL article 440 motion (see People v Hilliard, 214 AD3d 1259, 1261 [3d Dept 2023], lv denied 40 NY3d 929 [2023]; People v Buchanan, 202 AD3d 1166, 1167 [3d Dept 2022], lv denied 38 NY3d 1007 [2022]).
Regarding defendant's challenge to the severity of his sentences, his sentencing exposure was significantly greater than the terms imposed and, upon our review of the record and considering all the relevant circumstances, we do not find the sentences to be unduly harsh or severe (see CPL 470.15 [6] [b]). Finally, the record reflects that County Court imposed $2,000 fines on the conviction of criminal sale of a controlled substance in the [*2]third degree (count 1) and each of the seven convictions of criminal possession of a controlled substance in the third degree (counts 2, 4, 5, 6, 8, 9, 10), totaling $16,000. The People concede, and we agree, however, that the convictions for counts 1 and 2 and the convictions for counts 9 and 10 arose out of single acts. As such, County Court erroneously imposed $2,000 fines on the convictions for counts 2 and 10 (see Penal Law §§ 80.00 [1] [c] [iii], [iv]; 80.15; People v Roundtree, 220 AD3d 1049, 1055 [3d Dept 2023]) and those fines must be vacated.
Egan Jr., J.P., Clark, McShan and Powers, JJ., concur.
ORDERED that the judgment is modified, on the law, by reducing the total fine imposed to $12,000, and, as so modified, affirmed.