People v Edwards (2020 NY Slip Op 01671)





People v Edwards


2020 NY Slip Op 01671


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

109825

[*1]The People of the State of New York, Respondent,
v
Ariana L. Edwards, Also Known as Thora, Appellant.

Calendar Date: January 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


G. Scott Walling, Slingerlands, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered February 23, 2017, convicting defendant upon her pleas of guilty of the crimes of murder in the second degree, burglary in the third degree and attempted burglary in the second degree.
In 2015, defendant waived indictment and pleaded guilty to a superior court information (hereinafter SCI) charging her with attempted burglary in the second degree and burglary in the third degree. Prior to sentencing, defendant was charged in March 2016 and April 2016 in two separate indictments with various crimes. In January 2017, defendant pleaded guilty to murder in the second degree in satisfaction of those indictments. County Court sentenced defendant to a prison term of 25 years to life on the murder conviction and to separate prison terms on the burglary convictions, all of which, pursuant to the terms of the plea agreement, were to run concurrently. Defendant appeals.
Defendant first maintains that the 2015 waiver of indictment was invalid because no showing was made that she signed the waiver in open court in the presence of her counsel (see CPL 195.20). In our view, the record shows otherwise. Although County Court initially referred to an SCI, the court expressly inquired of defendant whether it was her "signature over the word defendant" on the waiver document. Defendant confirmed that it was and that she signed the document in court that morning with her counsel present. After advising defendant of the rights she was waiving, which defendant acknowledged she understood, the court determined that the "waiver[ was] acceptable." The court also signed an approval included on the waiver document stating that defendant appeared before the court and voluntarily signed the waiver. On this record, we are satisfied that the waiver was signed in open court with counsel present.
Pursuant to our recent decisions in People v Elric YY. (179 AD3d 1304 [2020]) and People v Shindler (179 AD3d 1306 [2020]), defendant's further contention that her 2015 waiver of indictment was jurisdictionally defective because the SCI did not set forth the approximate time of the commission of the charged crimes as required by CPL 195.20 is also without merit (see People v Lang, ___ NY3d ___, ___, 2019 NY Slip Op 08545, *7-9 [2019]). The omission of the approximate time of the charged crimes in the SCI, to which defendant did not object, is a nonjurisdictional defect to which any objection was forfeited by her guilty plea. Notably, no claim has been made that defendant lacked notice of the specific crimes for which she agreed to waive prosecution by indictment.
Next, defendant contends that her guilty pleas were not knowing, voluntary and intelligent because County Court did not adequately inform her of the constitutional rights she was waiving by pleading guilty. Defendant's contention is not preserved for our review as the record does not reflect that she, in connection with either plea proceeding, made an appropriate postallocution motion (see People v Williams, 27 NY3d 212, 220 [2016]; People v Conceicao, 26 NY3d 375, 382 [2015]; People v Strack, 177 AD3d 1036, 1037 [2019]). Recognizing as much, defendant urges this Court to exercise our interest of justice jurisdiction to take corrective action (see People v Glover, 174 AD3d 1044, 1045 [2019]; People v Demkovich, 168 AD3d 1221, 1221 [2019]; People v Holmes, 162 AD3d 1117, 1118 [2018]; but see People v Long, 165 AD3d 1323, 1323 [2018], lv denied 32 NY3d 1126 [2018]).
"Although trial courts are not required to adhere to a rigid script or formula prior to accepting a defendant's guilty plea, the record must affirmatively demonstrate that the defendant waived his or her constitutional trial-related rights — namely, the privilege against self-incrimination, the right to a jury trial and the right to be confronted by witnesses" (People v Demkovich, 168 AD3d at 1221 [citations omitted]). A plea need not be invalidated simply because the trial judge failed to enumerate all the constitutional rights being waived by a guilty plea (see People v Tyrell, 22 NY3d 359, 365 [2013]). In this regard, the Court of Appeals has "opted for a flexible rule that considers all of the relevant circumstances surrounding a plea" (People v Conceicao, 26 NY3d at 382-383 [internal quotation marks and citations omitted]; see People v Harris, 61 NY2d 9, 19 [1983]). Pertinent factors to consider include the seriousness of the crime, actual competent participation by counsel and the timing of the plea (see People v Conceicao, 26 NY3d at 383).
A review of the brief plea colloquy pertaining to the burglary convictions shows that County Court advised defendant that, by pleading guilty, she would "give up the right to a trial[,] right to testify, to call witnesses, to cross-examine the People's witnesses" — an instruction we deemed deficient in People v Demkovich (168 AD3d at 1222) and People v Glover (174 AD3d at 1045), cases in which the record also failed to demonstrate that a defendant had discussed the impact of the waiver with counsel. However, here, the murder plea took place on Friday, January 27, 2017, with a jury trial scheduled to begin the following Monday morning. At the start of this appearance, defendant's attorney announced that, after conferring with both the District Attorney and the court, defendant was prepared to plead guilty to murder in the second degree, with the understanding that the sentence would be up to the court, ranging from a prison term of 15 years to life to a prison term of 25 years to life. Sentencing on the burglary convictions would run concurrently to the murder conviction. This timing sequence demonstrates that defendant made the decision to plead guilty after consulting with counsel prior to the start of the impending trial (see People v Conceicao, 26 NY3d at 384). The record further reflects that defendant's counsel actively litigated the murder case for more than 10 months (see id.). In the ensuing colloquy, the court first confirmed that defendant understood that jury selection was scheduled "to begin Monday morning at 9:45." The court then advised defendant that, by pleading guilty, she would give up the right to the scheduled jury trial, "the right to testify at that trial, to call witnesses at that trial [and] the right that would require the prosecution to prove to that jury unanimously [her] guilt beyond a reasonable doubt." Given these circumstances, in which the murder plea embraced the earlier burglary plea by calling for concurrent sentences, we are satisfied that corrective action is unwarranted and decline to exercise our interest of justice jurisdiction to invalidate either plea. Finally, the sentence imposed was within the parameters of the plea agreement and not unduly harsh and excessive.
Garry, P.J., Egan Jr., Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.