People v Cruz (2020 NY Slip Op 04514)





People v Cruz


2020 NY Slip Op 04514


Decided on August 13, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 13, 2020

110196

[*1]The People of the State of New York, Respondent,
v
Jamie Cruz, Appellant.

Calendar Date: June 10, 2020

Before: Garry, P.J., Clark, Mulvey, Aarons and Colangelo, JJ. 


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Sasha Mascarenhas of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered April 24, 2017, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the fifth degree.
In October 2011, defendant waived indictment and agreed to be charged in a superior court information (hereinafter SCI) with criminal possession of a controlled substance in the fifth degree. In satisfaction thereof, he pleaded guilty to attempted criminal possession of a controlled substance in the fifth degree and waived his right to appeal. Under the terms of the plea agreement, he was to be sentenced to five years of probation. Prior to sentencing, he was released to probation upon certain conditions, but failed to appear for his presentence investigation interview as required. As a result, a warrant was issued and he was eventually returned to court in February 2017. No longer bound by the sentencing commitment, County Court sentenced defendant to one year in jail and one year of postrelease supervision. Defendant appeals.
Initially, defendant contends that the waiver of indictment is invalid and the SCI is jurisdictionally defective for failure to set forth the place and approximate time of the offense as required by CPL 195.20. It has been held, however, that the omission of such nonelemental factual information does not constitute a jurisdictional defect (see People v Lang, 34 NY3d 545, 563 [2019]; People v Edwards, 181 AD3d 1054, 1055 [2020], lvs denied 35 NY3d 1026, 1029 [2020]; People v Elric YY., 179 AD3d 1304, 1305 [2020]; People v Shindler, 179 AD3d 1306, 1306-1307 [2020]). Notably, the waiver of indictment and the SCI, together with the felony complaint, contained information that adequately apprised defendant of the approximate time and the specific location of the crime. Moreover, the record does not reveal that defendant objected to the sufficiency of the waiver of indictment or the SCI, or that he requested a bill of particulars. In view of the foregoing, defendant's challenge to the waiver of indictment and the SCI is forfeited by his guilty plea (see People v Edwards, 181 AD3d at 1055; People v Elric YY., 179 AD3d at 1305; People v Shindler, 179 AD3d at 1307).
Defendant also asserts that his guilty plea was not knowing, voluntary and intelligent because County Court did not fully advise him of the rights that he was giving up by pleading guilty. This claim was not preserved for our review as the record does not disclose that defendant made an appropriate postallocution motion (see People v Richards, 176 AD3d 1496, 1499 [2019], lv denied 35 NY3d 994 [2020]), and we decline to exercise our interest of justice jurisdiction to take corrective action.
Finally, defendant maintains that his waiver of the right to appeal was invalid and that his sentence was harsh and excessive. Because the court "fail[ed] to inform defendant that the right to appeal was separate and distinct from the other rights that he was forfeiting by pleading guilty," the waiver was not valid and defendant is therefore free to challenge the severity of his sentence (People v Alexander, 174 AD3d 1068, 1068 [2019], lv denied 34 NY3d 949 [2019]; see People v Mitchell, 166 AD3d 1233 [2018], lv denied 33 NY3d 979 [2019]). Nonetheless, as we find no extraordinary circumstances or abuse of discretion that would warrant a modification of the sentence, defendant's challenge is unavailing.
Mulvey and Aarons, JJ., concur.
Clark, J. (dissenting).
We agree with defendant that County Court did not fully advise him of the constitutional trial-related rights that he was giving up by pleading guilty and that, as a result, his guilty plea was not knowing, voluntary and intelligent. Although defendant did not preserve this issue by making an appropriate postallocution motion (see People v Conceicao, 26 NY3d 375, 382 [2015]), we would — unlike the majority — exercise the Court's interest of justice jurisdiction to take corrective action and reverse the judgment of conviction (see CPL 470.15 [3] [c]; People v Simon, 166 AD3d 1075, 1076 [2018]). Accordingly, we respectfully dissent.
"Trial courts have a 'vital responsibility' to ensure that a defendant who pleads guilty makes a knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d at 382, quoting People v Harris, 61 NY2d 9, 19 [1983]). In fulfilling that responsibility, trial courts need not adhere to a rigid formula or script prior to accepting a guilty plea; however, the plea colloquy must demonstrate that the defendant affirmatively waived his or her constitutional trial-related rights — namely, the privilege against self-incrimination, the right to a jury trial and the right to be confronted by witnesses (see People v Tyrell, 22 NY3d 359, 365-366 [2013]; People v Simon, 166 AD3d at 1076).
Here, County Court engaged in a limited and brief exchange with defendant in which it explained that, by pleading guilty, defendant was giving up the "right to remain silent and not to incriminate yourself," the "right to a jury trial" and "any other rights you have on a trial." County Court failed to advise defendant of his right to be confronted by witnesses. Additionally, and significantly, when asked if he had discussed the plea and its consequences with counsel, defendant merely stated, "She told me about violating, would be like 90 days. I understand." The record does not establish that defendant understood and affirmatively waived the trial-related rights that he was automatically forfeiting by pleading guilty and, thus, defendant's plea is invalid (see People v Demkovich, 168 AD3d 1221, 1222 [2019]; People v Simon, 166 AD3d at 1077; People v Holmes, 162 AD3d 1117, 1118 [2018]; compare People v Edwards, 181 AD3d 1054, 1056-1057 [2020], lvs denied 35 NY3d 1026,1029 [2020]). In our view, County Court's failure to ensure that defendant's plea was knowing, voluntary and intelligent warrants corrective action in the interest of justice. Accordingly, we would reverse the judgment of conviction and remit the matter to County Court for further proceedings.
Garry, P.J., concurs.
ORDERED that the judgment is affirmed.