People v Howard (2021 NY Slip Op 00210)





People v Howard


2021 NY Slip Op 00210


Decided on January 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

110581

[*1]The People of the State of New York, Respondent,
v
Matthew Howard, Appellant.

Calendar Date: December 16, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Adam G. Parisi, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the Supreme Court (Sypniewski, J.), rendered May 24, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
In October 2015, defendant was arrested for, as pertinent here, driving while intoxicated. Defendant waived indictment and was charged in a superior court information with driving while intoxicated as a felony. In December 2016, he pleaded guilty to this crime and purportedly waived his right to appeal. As part of the plea agreement, defendant was provided the opportunity to participate in drug court and, if successful, to serve a term of probation. However, in May 2018, he was terminated from drug court and, in accordance with the provisions of the plea agreement, he was sentenced to 1 to 3 years in prison. Defendant appeals.
Initially, as defendant claims and the People concede, defendant's waiver of appeal is invalid (see People v Mitchell, 166 AD3d 1233, 1233-1234 [2018], lv denied 33 NY3d 979 [2019]; People v Warren, 160 AD3d 1286, 1287 [2018]; People v Evans, 159 AD3d 1226, 1227 [2018], lv denied 31 NY3d 1081 [2018]). Next, defendant contends that his guilty plea was not knowing, voluntary and intelligent because Supreme Court (Reilly Jr., J.) did not sufficiently advise him of the constitutional trial-related rights that he was forfeiting by pleading guilty (see Boykin v Alabama, 395 US 238, 243 [1969]), and that his counsel was ineffective for failing to preserve this issue. Both of these claims are unpreserved for our review, as the record does not reflect that defendant made an appropriate postallocution motion (see People v Edwards, 181 AD3d 1054, 1055 [2020], lvs denied 35 NY3d 1026, 1029 [2020]; People v Alexander, 174 AD3d 1068, 1069 [2019], lv denied 34 NY3d 949 [2019]). "Additionally, the narrow exception to the preservation requirement is inapplicable, as defendant did not make any statements that were inconsistent with his guilt, negated an element of the crime or cast doubt upon the voluntariness of his plea" (People v Danzy, 182 AD3d 920, 921 [2020] [citations omitted], lv denied 35 NY3d 1043 [2020]).
"Defendant nevertheless asks this Court to exercise its interest of justice jurisdiction to take corrective action" based upon Supreme Court's failure to enunciate each of his Boykin rights at the time of the plea (People v Glover, 174 AD3d 1044, 1045 [2019]). "Although trial courts are not required to adhere to a rigid script or formula prior to accepting a defendant's guilty plea, the record must affirmatively demonstrate that the defendant waived his or her constitutional trial-related rights — namely, the privilege against self-incrimination, the right to a jury trial and the right to be confronted by witnesses" (People v Demkovich, 168 AD3d 1221, 1221 [2019] [citations omitted]; see People v Tyrell, 22 NY3d 359, 365 [2013]). Here, Supreme Court advised defendant that, by pleading guilty, he would be waiving the privilege [*2]against self-incrimination and the right to a jury trial — but failed to specifically address defendant's right to confront witnesses.
The record establishes that prior to accepting the plea — which occurred roughly 14 months after his arrest — defendant had discussed the plea with his attorney. He denied any coercion or impairments and did not display any hesitancy in accepting the proposed plea agreement; instead, the record reflects that defendant was well aware of the terms of his plea. Following the plea, and until sentencing — for a period of 17 months — defendant participated in drug court, in accord with the plea agreement. In these circumstances, reversal would appear to be elevating form over substance; there is simply no basis for expecting that, had Supreme Court uttered those few additional words of warning, defendant may have chosen to reject the favorable plea offer. Indeed, there is no basis to believe that his attorney had not expressly advised him of this right. We recognize the significance of the Boykin rights, as they are of constitutional dimension, and should always be set forth upon the record. Nonetheless, we also recognize authority promoting "a flexible rule that considers all of the relevant circumstances surrounding a plea" (People v Conceicao, 26 NY3d 375, 382-383 [2015] [internal quotation marks and citations omitted]). Thus, it is not required that, in each and every circumstance, a plea must be invalidated "simply because the [court] failed to enumerate all the constitutional rights being waived" (People v Edwards, 181 AD3d at 1056; see People v Proper, 133 AD3d 918, 919 [2015]). Accordingly, in the circumstances presented, we decline to take corrective action in the interest of justice (see People v Edwards, 181 AD3d at 1056-1057; People v Ocasio-Rosario, 120 AD3d 1463, 1464 [2014], lvs denied 25 NY3d 1168 [2015], 26 NY3d 1148 [2016]; compare People v Demkovich, 168 AD3d at 1221-1222).
As to defendant's ineffective assistance claim, counsel obtained an adjournment for purposes of discussing the plea with defendant and answering his questions about the plea and procured a very favorable plea agreement, which included defendant's participation in drug court. Were this claim properly before us, on these facts, we would find that defendant was provided with meaningful representation (see People v Jackson, 159 AD3d 1276, 1277 [2018], lv denied 31 NY3d 1149 [2018]).
Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.