People v Mosher (2021 NY Slip Op 01161)





People v Mosher


2021 NY Slip Op 01161


Decided on February 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

110955

[*1]The People of the State of New York, Respondent,
v
Robert B. Mosher, Appellant.

Calendar Date: January 12, 2021

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered October 1, 2018, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.
Defendant waived indictment and agreed to be charged in a superior court information with sexual abuse in the first degree. In satisfaction thereof, defendant pleaded guilty and purportedly waived his right to appeal. In accordance with the plea agreement, defendant was sentenced to six years in prison, to be followed by 10 years of postrelease supervision. Defendant appeals.
Defendant asserts that the waiver of his right to appeal is invalid. The record reveals that, during the plea colloquy, County Court informed defendant that his right to appeal both the plea and the sentence was separate and distinct from his other rights. Defendant executed a written waiver and County Court confirmed that he had reviewed the written waiver with counsel. Accordingly, we find that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Pizarro, 185 AD3d 1092, 1092-1093 [2020]; People v Weidenheimer, 181 AD3d 1096, 1096-1097 [2020]), and is thus precluded from challenging the severity of the sentence (see People v Pugliese, 185 AD3d 1358, 1359 [2020]; People v Sabin, 179 AD3d 1401, 1402 [2020], lv denied 35 NY3d 995 [2020]).
Defendant further argues that his plea was not knowing, intelligent and voluntary because County Court failed to fully advise him of the constitutional rights that he was waiving by pleading guilty. Although this contention survives the appeal waiver, it has not been preserved for our review. The record does not reflect that defendant made an appropriate postallocution motion (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Cruz, 186 AD3d 932, 933 [2020], lv denied 35 NY3d 1112 [2020]), or that he made any statements during the plea allocution that cast doubt on his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Haenelt, 161 AD3d 1489, 1490 [2018], lv denied 31 NY3d 1148 [2018]). Upon review of the record, we decline to take corrective action in the interest of justice (see People v Howard, 190 AD3d 1108, ___ 2021 NY Slip Op 00210, *2 [2021]; People v Cruz, 186 AD3d at 933; compare People v Demkovich, 168 AD3d 1221, 1221 [2019]).
Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.