People v Thompson (2021 NY Slip Op 02193)





People v Thompson


2021 NY Slip Op 02193


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

112273
[*1]The People of the State of New York, Respondent,
v
Celene R. Thompson, Appellant.

Calendar Date:March 18, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Carolyn B. George, Albany, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered January 21, 2020, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.
Defendant was arrested after an investigation tied him to a backpack, found in the City of Binghamton, Broome County, that contained a loaded sawed-off shotgun. He thereafter waived indictment, pleaded guilty to a superior court information charging him with criminal possession of a weapon in the third degree and purportedly waived his right to appeal. In accordance with the terms of the plea agreement, defendant was sentenced as a second felony offender to 3 to 6 years in prison. He appeals.
We first find that defendant's appeal waiver is valid. County Court explained during the plea colloquy that, "separate and apart" from the trial rights he was forfeiting by pleading guilty, he was being asked to give up his right to appeal "as well as the rights set forth in" a written appeal waiver. Defendant confirmed that he understood that expectation and the written waiver he executed in open court to accomplish it, and also agreed with County Court that he had reviewed the written waiver with defense counsel to his satisfaction and had no questions about it. Further, although the written waiver contained some overbroad language, it accurately advised defendant that certain issues were nonwaivable and could still be raised upon direct appeal or in collateral attacks. The foregoing, particularly when viewed in light of defendant's extensive experience in the criminal justice system (see People v Thomas, 34 NY3d 545, 560 [2019]; People v Danzy, 182 AD3d 920, 921 [2020], lv denied 35 NY3d 1043 [2020]), satisfies us that his appeal waiver was knowing, intelligent and voluntary (see People v Hernandez, 188 AD3d 1357, 1358 [2020], lv denied ___ NY3d ___ [Feb. 11, 2021]; People v Andino, 185 AD3d 1218, 1218 [2020], lvs denied 35 NY3d 1110, 1116 [2020]).
Defendant's additional claim of ineffective assistance survives his appeal waiver to the extent that it implicates the voluntariness of his guilty plea, but is unpreserved given his apparent failure to raise it in a postallocution motion despite having had an opportunity to do so (see People v Feltz, 190 AD3d 1027, 1028 [2021]; People v Hart, 188 AD3d 1424, 1425 [2020], lv denied 36 NY3d 1051 [2021]). In any event, the alleged inadequacies involve matters outside of the record that are better explored in a CPL article 440 motion (see People v Feltz, 190 AD3d at 1029; People v Danzy, 182 AD3d at 921-922).
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.