People v Simpson (2021 NY Slip Op 04579)





People v Simpson


2021 NY Slip Op 04579


Decided on July 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 29, 2021

110137 112267
[*1]The People of the State of New York, Respondent,
v
James M. Simpson, Appellant.

Calendar Date:May 26, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Erin C. Morigerato, Albany, for appellant, and appellant pro se.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Egan Jr., J.P.
Appeals (1) from a judgment of the County Court of Broome County (Dooley, J.), rendered January 18, 2018, convicting defendant upon his plea of guilty of the crimes of attempted assault in the first degree, criminal possession of a weapon in the second degree and assault in the second degree, and (2) by permission, from an order of said court, entered March 10, 2020, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In March 2017, defendant was charged by indictment with attempted assault in the first degree, criminal possession of a weapon in the second degree, assault in the second degree and menacing in the second degree, arising from an incident in January 2017 in which defendant shot another person outside of a bar in the City of Binghamton, Broome County. After pretrial motion practice, which resulted in County Court dismissing the menacing in the second degree charge, defendant entered into a plea agreement whereby he pleaded guilty to the three remaining charges in return for a sentence not to exceed eight years in prison, with three years of postrelease supervision. Prior to sentencing, defendant moved to withdraw his plea, claiming that, due to his intoxication at the time of the incident, he had no independent recollection of the shooting and that his counsel had received a letter from the victim stating that defendant was not the person who shot him. In a January 2018 decision and order, County Court denied the motion without a hearing. Consistent with the terms of the plea agreement, County Court thereafter sentenced defendant to concurrent prison terms of eight years, to be followed by three years of postrelease supervision, for his convictions of attempted assault in the first degree and criminal possession of a weapon in the second degree and to a lesser concurrent prison term on his remaining conviction of assault in the second degree. Defendant's subsequent motion pursuant to CPL 440.10 to vacate the judgment of conviction was denied by County Court without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.
County Court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea without a hearing. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Snow, 159 AD3d 1278, 1279 [2018] [internal quotation marks and citations omitted]; see CPL 220.60 [3]). Here, defendant moved to withdraw his plea, pointing to a letter purportedly written by the victim wherein the victim claimed that defendant was not the person who shot him. Recantation evidence is inherently unreliable and insufficient alone to justify withdrawal of a plea (see People v Beaver, 150 AD3d 1325, 1325[*2]-1326 [2017]). This alleged statement, written by the victim during a brief period that he and defendant were both incarcerated at the Broome County jail, was contrary to the account of the incident that he gave in a supporting deposition the day of the shooting, defendant's plea colloquy and a later statement given by the victim to an investigator retained by defendant (see People v Caccavale, 152 AD3d 537, 537-538 [2017]; People v Caruso, 88 AD3d 809, 810 [2011], lv denied 18 NY3d 923 [2012]; People v Douglas, 83 AD3d 1092, 1093 [2011]).
Turning to defendant's CPL article 440 motion, defendant contends that his plea to count 1 of the indictment, charging him with attempted assault in the first degree, cannot stand because that count failed to allege a crime and, therefore, the indictment with respect thereto was jurisdictionally defective. As defendant's claim can be determined on the record and was reviewable on direct appeal, County Court properly denied the motion without a hearing with respect to this claim, as such claim cannot be advanced in the context of a CPL article 440 motion (see CPL 440.10 [2] [b]; People v Herbert, 147 AD3d 1208, 1210-1211 [2017]; People v Jones, 101 AD3d 1482, 1483 [2012], lv denied 21 NY3d 1017 [2013]; People v Chiacchiarini, 91 AD3d 1118, 1119 [2012], lv denied 19 NY3d 863 [2012]; People v Lagas, 49 AD3d 1025, 1026 [2008], lvs denied 10 NY3d 859, 866 [2008]). To the extent that defendant also contends as part of his CPL 440.10 motion that he was denied the effective assistance of counsel based upon counsel's failure to conduct a reasonable investigation of the incident prior to advising him whether to plead guilty, we find said argument to be without merit. Defendant's trial counsel filed appropriate pretrial motions, obtained dismissal of one count of the indictment as a result thereof and sought suppression of defendant's statements and the physical evidence seized following him being taken into custody and, after reviewing security video of the incident, bodycam video from responding officers and defendant's interview with police. In addition, counsel ultimately obtained a favorable plea bargain on defendant's behalf that capped defendant's sentencing exposure well below the maximum allowable by law. Moreover, upon subsequently learning of the victim's recantation letter, defendant's counsel obtained an adjournment of defendant's sentencing, obtained the services of a private investigator and thereafter timely moved to withdraw defendant's plea. Accordingly, viewed in the totality, we are satisfied that defendant received meaningful representation such that County Court did not abuse its discretion in denying his motion without a hearing (see People v Johnson, 194 AD3d 1267, 1269 [2021]).
Defendant's contention that his guilty plea was not knowing, voluntary and intelligent because County Court did not explain the constitutional rights that he was waiving by pleading guilty or ascertain that he understood [*3]the consequences of doing so (see Boykin v Alabama, 395 US 238, 243 [1969]) is unpreserved for review given that his postallocution motion to withdraw his plea was not made on this ground (see People v Nichols, 194 AD3d 1114, 1115 [2021]; People v Howard, 190 AD3d 1108, 1108 [2021]; see also People v Conceicao, 26 NY3d 375, 382 [2015]). In addition, the narrow exception to the preservation requirement is inapplicable as defendant did not make any statements during the plea colloquy that were inconsistent with his guilt, negated an element of the crimes or cast doubt on the voluntariness of his plea (see People v Howard, 190 AD3d at 1109; People v Crandall, 181 AD3d 1091, 1093 [2020], lv denied 35 NY3d 1026 [2020]; People v Horton, 173 AD3d 1342, 1343 [2019], lv denied 34 NY3d 932 [2019]). Although the dissent proposes that we exercise our interest of justice jurisdiction and reverse the judgment of conviction based upon the contents of the plea allocution, we decline to do so (see People v Mosher, 191 AD3d 1170, 1171 [2021], lv denied 37 NY3d 959 [2021]; People v Howard, 190 AD3d at 1109; People v Cruz, 186 AD3d 932, 933 [2020], lv denied 35 NY3d 1112 [2020]; People v Edwards, 181 AD3d 1054, 1055-1057 [2020], lvs denied 35 NY3d 1026, 1029 [2020]; compare People v Drayton, 189 AD3d 1892, 1893 [2020]; People v Demkovich, 168 AD3d 1221, 1221 [2019]). Although County Court's plea colloquy with defendant would not be described as a model one, and the better practice would be to provide a more detailed explanation of the various rights that a defendant would be giving up by accepting a plea agreement, defendant, represented by able counsel, nevertheless engaged in a lengthy allocution with County Court, voiced no objection to what the court said (or did not say) and accepted the plea bargain. For this Court to now vacate this plea based upon allocution inadequacies that the trial court could have easily rectified had defendant raised a timely objection essentially nullifies the preservation requirement and incentivizes a defendant to silently bank away objections until it is too late for the trial court to act.
Finally, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice and reject defendant's claim that the sentence, which was in accordance with terms of the plea agreement, was harsh and excessive (see People v Hatcher, 168 AD3d 1313, 1313 [2019], lvs denied 33 NY3d 1031, 1032 [2019]; People v Goldwire, 168 AD3d 1286, 1286 [2019], lv denied 33 NY3d 976 [2019]). To the extent not specifically addressed, defendant's remaining arguments, both on his direct appeal as well as those raised on his appeal from the order denying his postconviction motion, have been reviewed and found to be without merit.
Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
Aarons, J. (dissenting).
Defendant, among the numerous arguments advanced on appeal, contends that his guilty plea [*4]was not knowing, voluntary and intelligent because County Court did not adequately explain the trial-related constitutional rights — i.e., Boykin rights — that he was waiving by pleading guilty. Although I agree with the majority that defendant failed to preserve this argument,[FN1] in view of the deficient plea colloquy, I would exercise our interest of justice jurisdiction and reverse the judgment of conviction. As such, I respectfully dissent.
"Although trial courts are not required to adhere to a rigid script or formula prior to accepting a defendant's guilty plea, the record must affirmatively demonstrate that the defendant waived his or her constitutional trial-related rights — namely, the privilege against self-incrimination, the right to a jury trial and the right to be confronted by witnesses" (People v Demkovich, 168 AD3d 1221, 1221 [2019] [citations omitted]; see People v Tyrell, 22 NY3d 359, 365 [2013]). Mindful that County Court was not required "to specifically enumerate all the rights to which . . . defendant was entitled" (People v Tyrell, 22 NY3d at 365 [internal quotation marks and citation omitted]), as defendant notes, the court nonetheless failed to explain, let alone refer to, any of the constitutional trial-related rights that he would forfeit by pleading guilty (see People v Klinger, 129 AD3d 1115, 1117 [2015]). Rather, at the plea proceeding, the court focused almost exclusively on defendant's waiver of an intoxication defense, as well as any other potential defenses, and whether defendant understood the benefits and risks of going forward with a trial. The record also fails to disclose that the court "obtain[ed] any assurance that defendant had discussed with counsel the trial-related rights that are automatically forfeited by pleading guilty or the constitutional implications of a guilty plea" (People v Demkovich, 168 AD3d at 1222; see People v Cotto, 156 AD3d 1063, 1064 [2017]; People v Lowe, 133 AD3d 1099, 1101 [2015]).
Accordingly, "[i]n the absence of an affirmative showing on the record that defendant understood and voluntarily waived his constitutional rights when he pleaded guilty" (People v Demkovich, 168 AD3d at 1222), the guilty plea, in my view, was invalid. I would therefore take corrective action in the interest of justice and reverse the judgment of conviction (see People v Drayton, 189 AD3d 1892, 1894 [2020]; People v Holmes, 162 AD3d 1117, 1118 [2018]; People v Schmitz, 159 AD3d 1222, 1223 [2018]; People v Aubain, 152 AD3d 868, 870 [2017]).
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: I also agree with the majority's determination that defendant's CPL article 440 motion was correctly denied.