People v Crampton (2022 NY Slip Op 00072)





People v Crampton


2022 NY Slip Op 00072


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

109884 112425
[*1]The People of the State of New York, Respondent,
v
Adam C. Crampton, Appellant.

Calendar Date:November 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Angela Kelley, Albany, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered October 23, 2017, convicting defendant upon his plea of guilty of the crime of rape in the first degree, and (2) by permission, from an order of said court, entered July 1, 2020, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In June 2017, defendant was charged by felony complaint with rape in the first degree, criminal sexual act in the first degree and sex abuse in the first degree (two counts). The charges stemmed from defendant's sexual conduct with a female relative over a period of years. The People extended a preindictment offer permitting defendant to plead guilty to one count of rape in the first degree in exchange for a prison term of 15 years followed by 15 years of postrelease supervision. When efforts to negotiate a more lenient sentence were unsuccessful, defendant waived indictment and, in full satisfaction of all pending and potential charges, agreed to be prosecuted pursuant to a superior court information charging him with one count of rape in the first degree. The plea agreement also required defendant to waive his right to appeal.
Prior to pleading guilty, defendant requested that substitute counsel be appointed, contending that assigned counsel was not representing his best interests. County Court denied defendant's request; defendant pleaded guilty in conformity with the plea agreement and, in October 2017, was sentenced to the agreed-upon prison term of 15 years followed by 15 years of postrelease supervision. Nearly two years later, defendant filed a pro se CPL 440.10 motion seeking to vacate the judgment of conviction, asserting claims of actual innocence and the ineffective assistance of counsel. County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his motion to vacate.
Although defendant initially contends that his waiver of the right to appeal is invalid, County Court's oral waiver colloquy mirrors — and the written waiver executed by defendant is identical to — the waivers at issue in People v Thompson (193 AD3d 1186 [2021]). Here, as in Thompson, County Court explained that defendant's appellate rights were "separate and distinct" from the trial-related rights that defendant was forfeiting by pleading guilty, and the written appeal waiver, which defendant executed after reviewing with counsel and confirmed his understanding thereof, both reiterated the separate and distinct nature of defendant's appellate rights and delineated the rights that survived such waiver. Under these circumstances, we are satisfied that defendant's combined oral and written waiver of the right to appeal was valid (see id. at 1186-1187; People v Kormos, 126 AD3d 1039, 1039-1040 [2015]). In light of defendant's valid appeal waiver, his challenge to the severity of the sentence imposed [*2]is precluded (see People v Hemingway, 192 AD3d 1266, 1267 [2021], lvs denied 37 NY3d 956, 960 [2021]).
Defendant next argues that County Court erred in denying his preplea request for substitute counsel. Assuming, without deciding, that defendant's argument on this point implicates the voluntariness of his plea and therefore is not "encompassed by the plea and the waiver of the right to appeal" (People v Sallard, 175 AD3d 1839, 1839-1840 [2019] [internal quotation marks and citations omitted], lv denied 35 NY3d 1048 [2020]; see People v Morehouse, 140 AD3d 1202, 1203 [2016], lv denied 28 NY3d 934 [2016]; People v Rolfe, 83 AD3d 1219, 1220 [2011], lv denied 17 NY3d 809 [2011]) and, further, was not effectively abandoned "when he decided to plead guilty while still being represented by the same attorney" (People v Crosby, 195 AD3d 1602, 1604 [2021] [internal quotation marks, brackets, ellipsis and citation omitted], lv denied 37 NY3d 1026 [2021]), this argument is unpreserved for our review absent a motion to withdraw his plea (see People v Morehouse, 140 AD3d at 1203). Were we to conclude otherwise, we would find that defendant's generalized disagreements with counsel regarding matters of strategy did not rise to the level of "serious complaints about counsel" and, thus, were "insufficient to warrant substitution" (People v Puccini, 145 AD3d 1107, 1109 [2016] [internal quotation marks and citations omitted], lv denied 29 NY3d 1035 [2017]).
Defendant further contends that his plea was involuntary due to County Court's failure to apprise him of the potential maximum period of incarceration, inquire as to his mental health status, place him under oath prior to accepting his plea and/or sufficiently advise him of his Boykin rights. Each of these claims, however, is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Gassner, 193 AD3d 1182, 1184-1185 [2021], lv denied 37 NY3d 956 [2021]; People v Howard, 190 AD3d 1108, 1108 [2021]; People v Overton, 105 AD3d 1072, 1072-1073 [2013]). The narrow exception to the preservation rule does not apply, as defendant made no statements during the plea colloquy that negated an element of the charged crime, cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Simpson, 196 AD3d 996, 998-999 [2021], lv denied 37 NY3d 1029 [2021]; People v Howard, 190 AD3d at 1108-1109). In any event, "nothing on the face of the plea colloquy suggests that defendant's claimed mental health issues hampered his ability to enter a knowing, intelligent and voluntary plea of guilty" (People v Thompson-Goggins, 182 AD3d 916, 918 [2020]) or that the purported lack of information regarding his maximum sentencing exposure influenced his decision to plead guilty (cf. People v Wheeler, 128 AD3d 1177, 1178 [2015]). Similarly, "defendant's plea was not rendered ineffective by his unsworn allocution because he was not required to recite the facts [*3]underlying his crime and CPL 220.50 does not require a plea to be made under oath" (People v Thompson, 70 AD3d 1123, 1123 [2010] [internal citation omitted]).
With reference to the asserted Boykin violation, we decline defendant's invitation to take corrective action in the interest of justice. "A plea need not be invalidated simply because the trial judge failed to enumerate all the constitutional rights being waived by a guilty plea" (People v Edwards, 181 AD3d 1054, 1056 [2020] [citation omitted], lvs denied 35 NY3d 1026, 1029 [2020] [citation omitted]; see People v Howard, 190 AD3d at 1109). Rather, we are to employ "a flexible rule that considers all of the relevant circumstances surrounding a plea[,] . . . includ[ing] the seriousness of the crime, actual competent participation by counsel and the timing of the plea" (People v Edwards, 181 AD3d at 1056 [internal quotation marks and citation omitted]; see People v Nichols, 194 AD3d 1114, 1115 [2021], lv denied 37 NY3d 973 [2021]).
Here, County Court advised defendant that, by pleading guilty, he would be giving up his "right to a trial," as well as his right "to testify, to call witnesses [and] to cross-examine the People's witnesses" — an instruction that we previously have deemed to be insufficient (see e.g. People v Demkovich, 168 AD3d 1221, 1222 [2019]). That said, although it may have been preferable for County Court to engage in a more detailed explanation of the trial-related rights that defendant would be forfeiting by pleading guilty, the record reflects that the underlying charge was serious, that defendant was represented by counsel throughout the plea negotiations and that defendant actively pursued an advantageous plea agreement to resolve this matter. Under these circumstances, and given that defendant had ample opportunity to move to withdraw his plea upon this ground prior to sentencing, we discern no basis upon which to invalidate defendant's plea. Indeed, "to now vacate this plea based upon allocution inadequacies that the trial court could have easily rectified had defendant raised a timely objection essentially nullifies the preservation requirement and incentivizes a defendant to silently bank away objections until it is too late for the trial court to act" (People v Simpson, 196 AD3d at 999).
Turning to defendant's CPL article 440 motion, the crux of defendant's argument is that he had a viable "defense" to the charged crime — one that would have established that he was "factually innocent" — and that counsel's corresponding failure to explore such defense, coupled with counsel's allegedly coercive behavior, constituted ineffective assistance. "To the extent that defendant's motion to vacate is predicated upon his claim of actual innocence, 'we note that vacatur of a judgment of conviction on this ground is expressly conditioned upon the existence of a verdict of guilt[y] after trial and defendant's plea of guilty therefore forecloses relief upon this ground'" [*4](People v Lamb, 162 AD3d 1395, 1397 [2018], lv denied 32 NY3d 1112 [2018], quoting People v DePerno, 148 AD3d 1463, 1464 [2017] [emphasis and brackets omitted], lv denied 29 NY3d 1030 [2017]; see CPL 440.10 [1] [g]; People v Tiger, 32 NY3d 91, 100-101 [2018]; People v Bhuiyan, 181 AD3d 699, 701 [2020], lv denied 35 NY3d 1064 [2020]). As the record reflects that defendant pursued and voluntarily entered a plea of guilty, such plea "is inconsistent with a claim of factual innocence" (People v Tiger, 32 NY3d at 101).
As for the balance of defendant's ineffective assistance of counsel claim, defendant's assertions that counsel pressured him to plead guilty and assured him that he would be protected in prison due to his alleged mental infirmities are supported by only defendant's self-serving affidavit and, upon reviewing the record as a whole, we are satisfied that there is no reasonable possibility that such allegations are true (see CPL 440.30 [4] [d]; People v Smiley, 67 AD3d 713, 714 [2009], lv denied 13 NY3d 942 [2010]; People v Pachay, 185 AD2d 287, 287 [1992], lv dismissed 81 NY2d 890 [1993], lv denied 82 NY2d 757 [1993]). During the plea colloquy, defendant expressly denied being coerced or that he had been promised anything other than the terms of the plea agreement as set forth on the record (see CPL 440.30 [4] [d]; People v Gassner, 193 AD3d at 1185), and counsel's assessment as to the relative strength of the People's case and defendant's potential sentencing exposure does not constitute either coercion or the ineffective assistance of counsel (see People v Muldrow, 261 AD2d 124, 125 [1999], lv denied 93 NY2d 1023 [1999]).
Similarly, counsel cannot be deemed ineffective for failing to pursue a strategy or defense that had little or no chance of success (see People v Gassner, 193 AD3d at 1185; People v Flower, 173 AD3d 1449, 1457 [2019], lv denied 34 NY3d 931 [2019]). Defendant's proffered defense consisted of his belief that his lengthy history of sexually transmitted infections would have rendered it "impossible" for him to have engaged in sexual intercourse with the victim without infecting her.[FN1] Although defendant tendered portions of his medical records to document his infection and treatment history, defendant offered no medical proof to substantiate his claim that he necessarily would infect anyone with whom he came into sexual contact. Hence, even accepting defendant's assertion that the victim did not have a history of sexually transmitted infections, his fundamental premise — that the absence of any such history necessarily meant that he never had sex with her — is not only flawed but is entirely unsupported by his submissions. Thus, notwithstanding any procedural irregularities that may have existed in the manner in which the motion to vacate was resolved, we cannot say that County Court abused its discretion in denying defendant's motion without a hearing.
Egan Jr., J.P., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: We note in passing that defendant's affidavit establishes that he was aware of and attempted to pursue this defense prior to pleading guilty, thereby calling into question whether such claim is properly the subject of a CPL article 440 motion in the first instance (see CPL 440.10 [3] [a]; People v Durham, 195 AD3d 1318, 1321 [2021]).