People v Babilenko (2022 NY Slip Op 02582)

People v Babilenko

2022 NY Slip Op 02582

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

111258
[*1]The People of the State of New York, Respondent,
v
Aleksandr Babilenko, Appellant.

Calendar Date:March 25, 2022

Before:Garry, P.J., Lynch, Aarons, Colangelo and Ceresia, JJ.

Adam G. Parisi, Schenectady, for appellant, and appellant pro se.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the Supreme Court (Hogan, J.), rendered November 29, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree, criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree and endangering the welfare of a child.
Defendant was charged in a four-count indictment with robbery in the second degree, criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree and endangering the welfare of a child. The charges stemmed from defendant stealing a vehicle from a store parking lot and subsequently robbing a gas station — during which defendant, in the presence of the victim's five-year-old child, displayed what appeared to be a handgun. Following plea negotiations, defendant pleaded guilty to the entire indictment. Supreme Court sentenced defendant, in accordance with the terms of the plea agreement, to a prison term of 7½ years on the robbery conviction and lesser concurrent sentences on the remaining convictions, followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that his guilty plea was not knowing, voluntary and intelligent because Supreme Court did not advise him during the plea colloquy of his right to a jury trial, nor did the court inquire as to whether defendant discussed with counsel the constitutional implications of pleading guilty. This challenge is unpreserved for our review as defendant did not make an appropriate postallocution motion, and the record does not reflect that the narrow exception to the preservation requirement is implicated (see People v Huebsch, 199 AD3d 1174, 1175 [2021], lv denied 37 NY3d 1161 [2022]; People v Simpson, 196 AD3d 996, 998-999 [2021], lv denied 37 NY3d 1029 [2021]). Acknowledging that his argument is unpreserved, defendant requests that we nevertheless take corrective action in the interest of justice. We decline to do so. Here, Supreme Court advised defendant that, in addition to having the right to remain silent and not testify, he was "entitled to a speedy and public trial [and] the right to confront witnesses who may testify against [him]." The court further explained that the People bore the burden of proving, beyond a reasonable doubt, all elements of the crimes charged and that "[a]ny jury who hears this case would have to be unanimous in their verdict." The court then stated that all these rights would be waived by pleading guilty, which defendant acknowledged he understood.
Although Supreme Court did not specifically state that defendant was waiving his right to a jury trial, "trial courts are not required to adhere to a rigid script or formula prior to accepting a defendant's guilty plea" (People v Edwards, 181 AD3d 1054, 1055-1056 [2020], lvs denied 35 NY3d 1026, 1029 [2020]; see People v Tyrell, 22 NY3d 359, 365 [2013]) and we find the colloquy [*2]sufficient to convey that defendant had a right to a trial by jury. Considering all of the relevant circumstances, including that the charges against defendant were serious, that he was represented throughout the plea negotiations by counsel and that defendant actively participated in the negotiation of the ultimate plea agreement, we discern no basis to invalidate the plea as the record affirmatively demonstrates defendant's understanding and waiver of his constitutional trial-related rights (see People v Crampton, 201 AD3d 1020, 1023 [2022], lv denied 37 NY3d 1160 [2022]; People v Simpson, 196 AD3d at 999; People v Nichols, 194 AD3d 1114, 1115 [2021], lv denied 37 NY3d 973 [2021]), despite the lack of inquiry by the court regarding defendant's discussions with counsel.
Given the adequacy of the plea colloquy, defendant's contention that counsel was ineffective for failing to object to defendant's claimed errors or move to withdraw the plea on those grounds is without merit. Defendant's additional contentions regarding the effective assistance of counsel, including issues that preceded the indictment, are either not related to the plea bargaining process and, therefore, precluded by the guilty plea (see People v Petgen, 55 NY2d 529, 535 n 3 [1982]; People v Cross, 165 AD3d 1315, 1316 [2018]) or involve matters outside the record and are more appropriately addressed in the context of a CPL article 440 motion (see People v Buchanan, 202 AD3d 1166, 1167 [2022]; People v Goldston, 126 AD3d 1175, 1178 [2015], lv denied 25 NY3d 1201 [2015]). Defendant's claim that the People did not provide proper notice of the grand jury proceeding was forfeited by his guilty plea (see People v Lasher, 166 AD3d 1242, 1242 [2018], lv denied 32 NY3d 1174 [2019]).
We have reviewed defendant's contention that the sentence, which was within the permissible statutory range (see Penal Law § 70.02 [1] [b]; [3] [b]), is harsh and excessive and find no abuse of discretion or extraordinary circumstances warranting a reduction of the agreed-upon sentence in the interest of justice (see People v Williams, 190 AD3d 1192, 1193 [2021]; People v Hatcher, 168 AD3d 1313, 1313 [2019], lvs denied 33 NY3d 1031, 1032 [2019]). Defendant's remaining contentions have been reviewed and are without merit. 
Garry, P.J., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.