People v Marshall (2022 NY Slip Op 04056)

People v Marshall

2022 NY Slip Op 04056

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

112093
[*1]The People of the State of New York, Respondent,
v
Michael A. Marshall, Appellant.

Calendar Date:May 20, 2022

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Ceresia, JJ.

Stephen J. Carney, Schenectady, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.

Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered July 22, 2019, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
In 2016, defendant was indicted and charged with robbery in the first degree and grand larceny in the third degree. Defendant pleaded guilty to the charged crimes, and a period of imprisonment was imposed. Upon appeal, this Court reversed the judgment of conviction — citing defense counsel's conflicted representation of defendant — and remitted the matter for further proceedings (173 AD3d 1257 [2019]). Defendant thereafter agreed to plead guilty to robbery in the first degree — in full satisfaction of the underlying indictment — with the understanding that he would be sentenced to a prison term of six years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the agreed-upon term of imprisonment. This appeal ensued.
We affirm. The record reflects that County Court advised defendant that a waiver of the right to appeal was part of the plea agreement and that defendant's appellate rights were separate and distinct from the trial-related rights that he would be forfeiting by pleading guilty, and defendant indicated his understanding thereof (see People v Stockwell, 203 AD3d 1407, 1408 [2022], lv denied ___ NY3d ___ [May 26, 2022]; People v Crampton, 201 AD3d 1020, 1021 [2022], lv denied 37 NY3d 1160 [2022]). Additionally, defendant executed a detailed written waiver in open court, which expressly set forth the appellate issues that survived such waiver, and defendant assured the court that he had reviewed the waiver with counsel and understood its contents (see People v Crampton, 201 AD3d at 1021; People v Thompson, 193 AD3d 1186, 1186-1187 [2021]). Under these circumstances, we find that defendant's waiver was knowing, intelligent and voluntary. Given the valid appeal waiver, defendant's challenge to the severity of the agreed-upon sentence is precluded (see People v Lapoint, 201 AD3d 1258, 1258 [2022], lv denied 38 NY3d 1008 [2022]).
Egan Jr., J.P., Lynch, Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.