People v Cole (2025 NY Slip Op 06930)

People v Cole

2025 NY Slip Op 06930

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CR-23-0703 CR-23-0706
[*1]The People of the State of New York, Respondent,
v
Matthew Cole, Appellant.

Calendar Date:October 16, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Brian M. Callahan, Albany, for appellant.
Christina Pearson, District Attorney, Fonda (Glenn Green, New York Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.

Ceresia, J.
Appeals (1) from a judgment of the County Court of Montgomery County (Michael Smrtic, J.), rendered September 8, 2021, convicting defendant upon his plea of guilty of the crime of driving while intoxicated, and (2) from a judgment of said court (Chad Brown, J.), rendered March 29, 2023, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
After being indicted in connection with two drunk driving incidents that occurred in April 2019 and March 2020, defendant agreed to a global disposition whereby he pleaded guilty to felony driving while intoxicated in connection with the earlier incident, and misdemeanor driving while intoxicated relative to the later incident. Following successful completion of interim probation, defendant's felony plea was vacated and replaced with a misdemeanor. Ultimately, he received sentences of conditional discharges on each of the convictions. Defendant appeals from both judgments.
First, with respect to the April 2019 incident, defendant contends that his statutory speedy trial rights were violated in that the People did not declare readiness for trial until November 2020, approximately 19 months after charges were filed. Where a defendant stands charged with a felony, the People must declare their trial readiness within six months of the filing of the first accusatory instrument (see CPL 30.30 [1] [a]; People v Reynolds, 239 AD3d 1098, 1098 [3d Dept 2025]; People v Contompasis, 236 AD3d 138, 151 [3d Dept 2025], lv denied 43 NY3d 1007 [2025]; see also CPL 1.20 [17]). However, defense counsel may waive a defendant's unripe speedy trial rights, and "[s]uch a waiver is equivalent to an extension of time for the People to proceed with prosecution," with any subsequent time being excluded from the speedy trial calculation (People v Wheeler, 159 AD3d 1138, 1141 [3d Dept 2018], lv denied 31 NY3d 1123 [2018]).
Here, defense counsel signed a written waiver of defendant's speedy trial rights in July 2019, well within the six-month period. While defendant raises various challenges to counsel's waiver, these are unavailing. There is no requirement that the waiver be in any particular form and, contrary to defendant's argument, it need not be memorialized in a sworn affirmation (see e.g. People v Waldron, 6 NY3d 463, 469 [2006]). Further, defendant's claim that he did not consent to the waiver is of no moment, as a speedy trial waiver "does not involve such a fundamental decision that it cannot be made by counsel" (People v Wheeler, 159 AD3d at 1141-1142 [internal quotation marks and citation omitted]; see People v Crogan, 237 AD2d 745, 745 [3d Dept 1997], lv denied 90 NY2d 857 [1997]; CPL 30.30 [4] [b]). Given the valid speedy trial waiver, which was never revoked, there was no violation of defendant's statutory speedy trial rights.
As for defendant's constitutional speedy trial claim, this too was waived by counsel (see People v Hinds, 217 AD3d 1138, 1141 [3d Dept 2023], lv denied 40 NY3d 951[*2][2023]). In any event, applying the factors set forth in People v Taranovich (37 NY2d 442, 445 [1975]), the claim lacks merit (see People v Hatch, 230 AD3d 908, 914 [3d Dept 2024], lv denied 42 NY3d 1020 [2024]). The delay was attributable, in part, to adjournments granted by County Court (Smrtic, J.) for defendant to obtain new counsel after he requested that his first three attorneys be relieved. In addition, there were ongoing plea negotiations in which defendant participated. Throughout this time, defendant remained at liberty, and he has made no showing of prejudice inuring to him as a result of any delay (see People v Lende, 190 AD3d 1110, 1111 [3d Dept 2021], lv denied 36 NY3d 1121 [2021]). In that regard, defendant's speculative assertion that witnesses' memories may have faded in the interim does not compel a different result (see People v Palmer, 207 AD3d 802, 804 [3d Dept 2022], lv denied 39 NY3d 941 [2022]; People v King, 62 AD3d 1162, 1163 [3d Dept 2009]).
Next, defendant asserts that his guilty pleas were not knowing, intelligent and voluntary due to certain omissions from County Court's plea colloquy. More specifically, defendant points to the fact that the court failed to fully apprise him of his Boykin rights in that it did not expressly advise him of his right to confront the People's witnesses, nor did the court confirm that he had spoken to his attorney about forfeiting his trial-related rights. With respect to the plea in connection with the April 2019 incident, this claim is unpreserved for our review because, although defendant filed two motions to withdraw the plea prior to sentencing, he did not raise this particular ground (see People v Simpson, 196 AD3d 996, 998 [3d Dept 2021], lv denied 37 NY3d 1029 [2021]; People v Simon, 166 AD3d 1075, 1076 [3d Dept 2018]). As for the plea pertaining to the March 2020 incident, however, the preservation rule does not bar this claim, since defendant had no opportunity to seek withdrawal of the plea given that the plea and sentencing occurred in the same proceeding (see People v Carl, 188 AD3d 1304, 1306 [3d Dept 2020], lv denied 37 NY3d 954 [2021]). While the claim is thus reviewable, it nevertheless lacks merit.
To be sure, "to constitute a knowing, voluntary and intelligent plea, there must be an affirmative showing on the record that the defendant waived his [or her] constitutional rights" (People v Tyrell, 22 NY3d 359, 365 [2013] [internal quotation marks and citation omitted]; see People v Moore, 201 AD3d 1209, 1211 [3d Dept 2022]). However, "[a] plea need not be invalidated simply because the trial judge failed to enumerate all the constitutional rights being waived by a guilty plea" (People v Edwards, 181 AD3d 1054, 1056 [3d Dept 2020], lv denied 35 NY3d 1026 [2020]; see People v Kimball, 213 AD3d 1028, 1030 [3d Dept 2023], lv denied 40 NY3d 929 [2023]; People v Nichols, 194 AD3d 1114, 1115 [3d Dept 2021], lv denied 37 NY3d 973 [2021]). Rather, in such an instance, courts must [*3]evaluate the circumstances surrounding a plea in order to determine its voluntariness (see People v Conceicao, 26 NY3d 375, 382 [2015]). Indeed, the Court of Appeals has upheld pleas even in instances where none of the Boykin rights were specifically recited (see id. at 383-384).
During the plea colloquy, County Court (Brown, J.) advised defendant of his rights to a jury trial and to remain silent.[FN1] The court also explained to him that he had the right to present witnesses on his own behalf and that, at a trial, the People would be required to prove his guilt beyond a reasonable doubt. Defendant confirmed that he fully understood the terms of the plea and that he was not threatened or coerced to accept it. In addition, the transcripts of the plea hearing and of earlier court appearances confirm that this case was actively litigated, with motion practice and ongoing plea negotiations taking place over the course of many months. Defendant was given ample opportunity to speak with his attorneys throughout this period and, in the end, defendant received the benefit of an advantageous plea resolution, through which multiple felony charges were reduced to misdemeanors with no jail time. Defendant went so far as to call this resolution "a gift from God." "In these circumstances, reversal would appear to be elevating form over substance; there is simply no basis for expecting that, had [County] Court uttered those few additional words of warning, defendant may have chosen to reject the favorable plea offer" (People v Howard, 190 AD3d 1108, 1109 [3d Dept 2021]). Accordingly, having reviewed the record, we are satisfied that defendant pleaded guilty knowingly, intelligently and voluntarily (see People v Conceicao, 26 NY3d at 383; People v Babilenko, 204 AD3d 1225, 1226-1227 [3d Dept 2022], lv denied 38 NY3d 1069 [2022]; People v Nichols, 194 AD3d at 1115). To the extent not specifically addressed herein, defendant's remaining contentions have been considered and found to be meritless.
Aarons, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1: While it is true that defendant was not told of his right to confront witnesses at this time, we note that, at his arraignment on the indictments, he was, in fact, advised of all of his Boykin rights, including the right of confrontation.