People v Sindoni (2024 NY Slip Op 02107)

People v Sindoni

2024 NY Slip Op 02107

Decided on April 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 18, 2024

113230
[*1]The People of the State of New York, Respondent,
v
George J. Sindoni, Appellant.

Calendar Date:March 22, 2024

Before:Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Kathy Manley, Selkirk, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Benjamin E. Holwitt of counsel), for respondent.

Appeal from a judgment of the County Court of Broome County (Joseph F. Cawley, J.), rendered October 7, 2021, convicting defendant upon his plea of guilty of the crime of robbery in the third degree.
Defendant was arrested for forcibly stealing a wallet from a woman outside a store. He thereafter waived indictment and pleaded guilty as charged in a superior court information to robbery in the third degree pursuant to a plea agreement that included a waiver of appeal. County Court sentenced defendant, consistent with the plea agreement, to a prison term of 2 to 4 years, as an acknowledged second felony offender. Defendant appeals.
Defendant's sole contention on appeal is that the sentence is harsh and excessive, a claim that he contends is not precluded by his waiver of appeal, which he argues is invalid. However, the record reflects that defendant was advised that a waiver of appeal was required as part of the plea agreement, a term that he accepted, and that County Court explained during the plea colloquy that the waiver of appeal was "separate and apart" from the trial-related rights that he was automatically forfeiting by his guilty plea, and defendant indicated that he understood. Defendant then confirmed that he had signed the written waiver of appeal after reviewing it with his attorney, who had answered his questions, and that he understood that he was waiving the rights as set forth therein. Although the written waiver contained some overly broad language, it accurately advised defendant that certain issues are nonwaivable, and delineated some of the rights that survive the waiver. Under these circumstances, we find that defendant's appeal waiver is valid and precludes his challenge to the severity of the agreed-upon sentence (see People v Thompson, 193 AD3d 1186, 1186-1187 [3d Dept 2021]; see also People v Wint, 222 AD3d 1050, 1050-1051 [3d Dept 2023], lv denied 41 NY3d 945 [2024]; People v Crampton, 201 AD3d 1020, 1021 [3d Dept 2022], lv denied 37 NY3d 1160 [2022]).
Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.